STATE v. BENTSON GREGORY BANKS
AND
STATE v. CARL CLEO BANKS.

(Filed 23 September, 1959.)

**1. Searches and Seizures § 2—**

Information radioed by one patrolman to another is sufficient information within the meaning of G.S. 18-13 to authorize the second patrol-

STATE *v.* BANKS.

man to make the affidavit and to authorize the clerk of a general County court to issue a search warrant.

HIGGINS, J., not sitting.

APPEAL by defendants from *Pless, J.,* February Term 1959 of BUNCOMBE.

The defendants were tried on separate warrants charging the illegal possession, possession for the purpose of sale, and the illegal transportation of taxpaid whiskey.

The respective defendants entered a plea of not guilty. The cases were consolidated for trial.

The evidence for the State discloses that, on 10 September 1957, State Highway Patrolman W. L. McDonald observed a 1948 Ford automobile parked in front of the ABC store in Biltmore, Buncombe County, North Carolina. As he drove past the store, he saw the defendant Bentson Banks carry a large bag from the store and put it on the back seat of the car. He stopped his car and saw this defendant make eight or nine trips into the store. Each time he went in empty-handed and each time he returned with a large bag in his hands and placed it in the car. Nothing is sold at the store except intoxicating beverages. The last time he came out of the store and put a bag in the car, Carl Cleo Banks came out with him and they both got in the car and drove away. The patrolman followed them a short distance and stopped them. He examined the drivers' licenses of the two defendants. He observed an Army blanket spread over the packages on the floor in the back of the car. He asked them what the packages contained. They refused to tell him. He then asked their permission to search the car and they refused.

The patrolman went back to his car and radioed Patrol Headquarters. As a result of this call, Patrolman McDonald talked to Patrolman Moran and gave him information with respect to what he had observed earlier and requested him to obtain a search warrant for a 1948 Ford, License No. KJ-8705, being driven by Carl Cleo Banks. As a result of this radio conversation with Moran, the search warrant, which appears in the record, was issued by the Clerk of the General County Court of Buncombe County, based upon the sworn affidavit of Patrolman Moran. The search warrant was taken by officers to Virginia Avenue in West Asheville where Patrolman McDonald had again stopped Carl Cleo Banks and placed him under arrest for reckless driving. The search warrant was read to Carl Cleo Banks, and officers found that the bags in the back of his car contained eight gallons of taxpaid whiskey.

The jury returned a verdict of guilty of illegal transportation of taxpaid whiskey. From the judgments imposed, the defendants appeal, assigning error.

*Attorney General Seawell, Assistant Attorney General Bruton, for the State.*
*Henry C. Fisher for defendants.*

PER CURIAM. The defendants challenge the validity of the search warrant pursuant to which the automobile described therein and which belonged to Carl Cleo Banks, was searched and the whiskey found therein seized.

We hold that the information furnished by Patrolman McDonald over the radio to Patrolman Moran, who signed the affidavit based on such information, pursuant to which the search warrant was issued, was sufficient *information* within the meaning of G.S. 18-13 to authorize Patrolman Moran to make the affidavit and to authorize the Clerk of the General County Court of Buncombe to issue such warrant. *S. v. McLamb*, 235 N.C. 251, 69 S.E. 2d 537.

No prejudicial error has been made to appear in the trial below; hence, the verdict and judgments will be upheld.

No Error.

HIGGINS, J., not sitting.