OLNEY PAINT COMPANY, INC., A SOUTH CAROLINA CORPORATION v. ROMAN ZALEWSKI AND BONNIE HODGE, t/d/b/a CONTRACT DESIGN ASSOCIATES; COMMUNITY BUILDING CORPORATION OF ATLANTA, INC.; AND WILLIAM B. LITTLE AND STEVEN WALSH, d/b/a MANOR RIDGE

No. 7528DC837

(Filed 7 April 1976)

Evidence § 41; Laborers' and Materialmen's Liens § 3; Rules of Civil Procedure § 56— money owed subcontractor subject to lien — expression of opinion on question of law — summary judgment improper

In an action to recover for the value of wallpaper furnished by plaintiff to defendant subcontractor and to grant plaintiff all liens

and subrogation rights to which it was entitled under the statute on materialmen's liens, the trial court erred in granting summary judgment for defendant contractor on the basis of an affidavit by the contractor's vice-president that, before plaintiff filed its claim for a materialmen's lien, the contractor had paid the subcontractor all monies owed it, since such affidavit amounted to an expression of opinion on a question of law, was not admissible in evidence, and could not be considered on a motion for summary judgment.

APPEAL by plaintiff from *Styles, Judge.* Judgment entered 21 July 1975 in District Court, BUNCOMBE County. Heard in the Court of Appeals 11 February 1976.

Plaintiff, Olney Paint Company, Inc., alleged in its complaint that the defendants, William B. Little and Steven Walsh had appointed defendant, Community Building Corporation (CBC) as general contractor for the construction of an apartment complex on property they owned in Buncombe County. CBC employed defendants Zalewski and Hodge, doing business as Contract Design Associates (CDA) to install wallpaper in the apartment complex. Plaintiff supplied $3,860.15 worth of wallpaper to CDA, and CDA failed to pay for the wallpaper. Plaintiff prayed that it be awarded damages of $3,860.15 and that it be granted all liens and subrogation rights to which it was entitled under the statute on materialman's liens.

CBC admitted that it had been the general contractor for the apartment complex being built by Little and Walsh, and that it had employed CDA as a subcontractor to furnish wallpaper. It denied the other material allegations of the complaint. CDA filed no answer, and its default was entered, but default judgment was not entered.

CBC moved for summary judgment, and in support of its motion it submitted an affidavit of its vice-president, Bobby C. Jones. Jones stated that in May 1973 CBC entered into contracts with CDA for the installation of wallpaper, carpet and resilient flooring. These contracts, which were attached to the affidavit as exhibits, called for payments to be made to CDA periodically as its work progressed. CDA breached the contracts by failing to meet construction schedules and provide sufficient manpower and supervision, and CBC terminated the contracts in August and October 1973, before plaintiff filed its claim for a materialman's lien. When the contracts were terminated, "all monies to which Contract Design Associates were entitled had been paid," and there was no amount owed by CBC to CDA.

In opposition to CBC's motion, plaintiff submitted its verified complaint and in an affidavit of its credit manager, L. R. Denton. Denton stated that in September 1973 he personally informed Ed Ellis, an employee of CBC, that CDA had not paid for the wallpaper it had bought from plaintiff. In addition, he wrote two letters to Ellis advising him that plaintiff had not been paid.

The court granted CBC's motion for summary judgment and in the judgment stated that there was "no just reason for delaying entry of final judgment on said claim pending the disposition of other claims for relief involved in [the] action . . . . " Plaintiff appealed.

*Robert B. Long, Jr., and Gary A. Dodd for plaintiff appellant.*

*Brooks, Pierce, McLendon, Humphrey and Leonard by John L. Sarratt for defendant appellee, Community Building Corporation.*

*No counsel for other defendants.*

HEDRICK, Judge.

Plaintiff contends in its only assignment of error that the court should not have granted summary judgment for CBC. It argues that under G.S. 44A-18(2) it is entitled to a lien on any funds owed by CBC to CDA. CBC contends that plaintiff is not entitled to a lien on any funds CBC owes to CDA, because CBC does not owe any funds to CDA. This is established, CBC argues, by the affidavit of Bobby C. Jones, which states that when CBC terminated its contracts with CDA, "all monies to which Contract Design Associates were entitled had been paid." Plaintiff responds that this statement is inadmissible in evidence, because it is an expression of opinion on a question of law; and this contention seems correct.

1 Stansbury, N. C. Evidence 2d, § 130, in pertinent part states:

"Thus a witness may state that he was in 'possession' of land or chattels, or that he 'bought' certain articles, or that a corporation 'claimed no interest' in a particular thing, or that it did not 'owe' a debt, if the words are employed in a popular sense to describe the facts rather than their legal consequences. But where the legal relations growing

out of the facts are a disputed issue in the case, and the witness's language appears to describe the relations themselves, the same words may be objectionable." (footnotes omitted)

The legal relations growing out of CBC's contract with CDA are certainly a disputed issue in this case; indeed, they are probably the crucial issue on which the case turns. If CDA had been paid all monies to which it was entitled, there is no fund on which plaintiff may obtain a lien; but if CBC did owe money to CDA, then there is such a fund and plaintiff may be entitled to a lien. Since Jones's statement was not admissible in evidence, it did not meet the requirements of NCRCP 56(e) and cannot be considered on a motion for summary judgment. CBC has therefore failed to carry its burden of proving that it is entitled to judgment in its favor, a burden which is imposed on every party moving for summary judgment, *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972); and its motion for summary judgment should have been denied.

Reversed.

Judges BRITT and MARTIN concur.