State v. Dailey

Affirmed.

Judges MORRIS and PARKER concur.

STATE OF NORTH CAROLINA v. DONALD DAILEY

No. 763SC1007

(Filed 6 July 1977)

**Searches and Seizures § 3— search warrant — sufficiency of underlying affidavit**

    Facts stated in an affidavit supported the magistrate's finding of probable cause that marijuana was in defendant's apartment where those facts tended to show that officers had a named house and a named individual under surveillance; at the time the affidavit was made, the individual was under military charges for two separate offenses of selling controlled substances; the individual who was under surveillance went into the house which was under surveillance, came out with a paper bag, and entered defendant's apartment with the bag; the individual returned to the house and came out with a suitcase; the individual was stopped and searched; the suitcase was full of marijuana; and the house was searched and revealed a large quantity of marijuana.

APPEAL by defendant from *Martin (Harry), Judge.* Judgment entered 22 July 1976 in Superior Court, CRAVEN County. Heard in the Court of Appeals 5 May 1977.

On 7 February 1976 officers of the Havelock Police Department, acting pursuant to a search warrant obtained that day, searched defendant's apartment and seized a large quantity of marijuana. As a result, defendant was indicted for felonious possession of more than one ounce of marijuana. Prior to arraignment, defendant moved to suppress the evidence obtained as result of the search. The motion was denied. Defendant then pled guilty and, from judgment imposing a prison sentence, appealed.

*Attorney General Edmisten by Assistant Attorney General Claude W. Harris for the State.*

*Beaman, Kellum, Mills & Kafer P.A. by Norman B. Kellum, Jr., for defendant appellant.*

---

**State v. Dailey**

---

PARKER, Judge.

The sole question presented is whether the court erred in denying defendant's motion to suppress the evidence obtained by the search of his premises made pursuant to a search warrant. Appellate review of this question is authorized by G.S. 15A-979(b).

Defendant contends that the affidavit on which the warrant was issued is insufficient to support the magistrate's finding of probable cause. We do not agree.

The affidavit was made by Sergeant C. R. King of the Havelock Police Department and was sworn to on 7 February 1976. The affidavit named the property sought, marijuana, and described with particularity the premises to be searched, Apartment number 1, 607 East Main Street, Havelock, N. C., rented in the name of Donald Dailey. To establish probable cause for issuance of the warrant, Sergeant King swore to the following facts:

"After receiving information from several confidential sources known to be reliable survelliance (sic) was established by both this department and the Criminal Investigation Department of the Provost Marshall's Office of USMC, Cherry Point, North Carolina. The residence located at 44 Poplar Drive in the Slocum Housing area. Additionally survilleance (sic) had been conducted on the personal movements of one Orville Roland McCorn, black male, who is presently under military charges for two separate offenses of selling controlled substances. On this date, 2-7-76, subject McCorn was seen to enter the residence at 44 Poplar Drive and leave with a large brown bag. Subject McCorn delivered this bag to Apartment 1, 607 East Main Street, Havelock, North Carolina. Subject McCorn then proceeded back to 44 Poplar Drive and again left with a large suitcase. Subject was stopped and apprehended by CID agents on a military charge stemming from a previous sell of marijuana. Since subject vehicle was stopped in government housing military authorization was obtained for a search which resulted in confiscation of approximately 5 pounds of marijuana. Military authorization was then obtained for a search by CID agents of the quarters at 44 Poplar Drive. Results of this search was the confiscation of a large quanity of marijuana. CID agents who were survelling (sic) the

movement of McCorn attest to the fact that the large bag brought from 44 Poplar Drive was the same bag which was taken into Apartment 1, 607 East Main Street, Havelock, North Carolina."

Probable cause, as that expression is used in the Fourth Amendment and in our statutes, G.S. 15A-244 and 245, "means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender." *State v. Campbell,* 282 N.C. 125, 128-29, 191 S.E. 2d 752, 755 (1972). Probable cause does not deal in certainties but deals rather in probabilities "which are factual and practical considerations of everyday life upon which reasonable and prudent men may act." *State v. Spillars,* 280 N.C. 341, 350, 185 S.E. 2d 881, 887 (1972). Moreover, a valid search warrant may be issued on the basis of an affidavit setting forth information which may not be competent as evidence in a criminal trial. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971). Thus, "[t]he affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant; but the affidavit in such case must contain some of the underlying circumstances from which the affiant's informer concluded that the articles sought were where the informer claimed they were, and some of the underlying circumstances from which the affiant concluded that the informer, whose identity need not be disclosed, was credible and his information reliable." *State v. Campbell, supra* at 129. In this connection, the police officer making the affidavit may do so in reliance upon information reported to him by other officers in the performance of their duties. *United States v. Ventresca,* 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741 (1965); *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Vestal, supra; State v. Banks,* 250 N.C. 728, 110 S.E. 2d 322 (1959).

Testing the affidavit in the present case by these well established principles, and interpreting it in a "commonsense and realistic fashion" as we are enjoined to do in *United States v. Ventresca, supra,* we find it sets forth the following facts: Officers of the Havelock Police Department and of the Criminal Investigation Department of the Provost Marshall's Office of the United States Marine Corps at Cherry Point placed a residence at 44 Poplar Drive under surveillance. They also placed under surveillance a man named McCorn, who, at the time the

affidavit was made, was under military charges for two separate offenses of selling controlled substances. On 7 February 1976, the same date the affidavit was sworn to and the warrant was issued, McCorn was seen to enter the residence at 44 Poplar Drive and leave with a large brown bag, which he delivered to defendant's apartment. McCorn then returned to 44 Poplar Drive and again left with a large suitcase. He was then stopped and arrested by the military officers on charges resulting from the previous sales of marijuana. Search by the military officers of McCorn's vehicle and of the residence at 44 Poplar Drive resulted in the finding of a large quantity of marijuana both in the vehicle and at the residence.

In our opinion reasonable men, knowing these facts, would find it highly probable that the large brown bag, which McCorn was seen to carry from 44 Poplar Drive into defendant's apartment, contained marijuana. These facts supplied reasonable cause to believe that a search of defendant's apartment, made on the same day the bag was delivered into it, would reveal the presence in the apartment of marijuana. Accordingly, we hold that the facts stated in the affidavit support the magistrate's finding of probable cause. *See State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972) ; *see also State v. Oldfield,* 29 N.C. App. 131, 223 S.E. 2d 573 (1976).

Defendant's motion to suppress the evidence was properly denied. The judgment appealed from is

Affirmed.

Judges BRITT and MARTIN concur.