## STATE OF NORTH CAROLINA v. VANCE V. RICHMOND.

### (Filed 14 January, 1966.)

**Crime Against Nature §§ 1, 2—**

Specific intent to commit an unnatural sexual act is an essential element of the offense defined by G.S. 14-202.1, and when there is evidence tending to show that defendant took immoral, improper and indecent liberties with a minor, but no evidence of the essential specific intent, nonsuit must be entered.

APPEAL by defendant from *Bickett, J.*, April 1965 Criminal Session of ORANGE.

Criminal prosecution on an indictment charging that defendant unlawfully and wilfully, with intent to commit an unnatural sexual act, did take immoral, improper and indecent liberties with.............. ....................., a child under the age of 16 years, he, the said defendant being over the age of 16 years, a violation of G.S. 14-202.1.

Plea: Not guilty. Verdict: Guilty as charged.

From a judgment of imprisonment defendant appeals.

*Attorney General T. W. Bruton and Staff Attorney Andrew A. Vanore, Jr., for the State.*

*Dalton and Long by W. R. Dalton, Jr., for defendant appellant.*

PER CURIAM. Defendant assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of the State's case. Defendant offered no evidence.

The indictment is drawn in the language of G.S. 14-202.1, which reads in part: "Any person over 16 years of age who, with intent to commit an unnatural sexual act, shall take, or attempt to take, any immoral, improper, or indecent liberties with any child of either sex, under the age of 16 years, * * *, shall, for the first offense, be guilty of a misdemeanor * * *." In order to convict a defendant for the offense charged the State's evidence must show beyond a reasonable doubt not only that defendant committed immoral, improper and indecent liberties with the young girl named in the indictment, but also that he committed such liberties "with intent to commit an unnatural sexual act."

The State's evidence, which it would serve no useful purpose to state, shows that defendant took immoral, improper and indecent liberties with the young girl named in the indictment, but the State has no evidence in the record before us, in our opinion, from which a jury might reasonably come to the conclusion that defendant committed such liberties "with intent to commit an unnatural sexual

act" with her or upon her. Such intent is an essential element in the crime charged and must be proved by the State. At most, the circumstances raise a mere conjecture that defendant had such an intent, and that is an insufficient foundation for a verdict and the case should not have been submitted to the jury. *S. v. Langlois,* 258 N.C. 491, 128 S.E. 2d 803; *S. v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472; *S. v. Massey,* 86 N.C. 658; *S. v. Vinson,* 63 N.C. 335.

The court erred in denying defendant's motion for a judgment of compulsory nonsuit.

Reversed.