STATE OF NORTH CAROLINA v. GEORGE TURMAN

No. 8112SC33

(Filed 2 June 1981)

1. **Rape § 19— taking indecent liberties with child—constitutionality of statute**
   There was no merit to defendant's contention that G.S. 14-202.1, the statute prohibiting taking indecent liberties with a child, was unconstitutional in that it denied due process because of vagueness, denied equal protection because of age classification, and was an overbroad restriction on protected activity.

2. **Rape § 19— taking indecent liberties with child—touching of child unnecessary**
   It is not necessary that there be a touching of the child by the defendant in order to constitute an indecent liberty within the meaning of G.S. 14-202.1.

APPEAL by defendant from *Preston, Judge.* Judgment entered 13 August 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 5 May 1981.

Defendant was convicted of taking indecent liberties with a child. From the judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Lucien Capone III, for the State.*

*Assistant Public Defender, Twelfth Judicial District, John G. Britt, Jr., for defendant appellant.*

MARTIN (Harry C.), Judge.

[1]   Defendant was convicted of violating N.C.G.S. 14-202.1, and now attacks the constitutionality of this statute. He contends the statute is unconstitutional in that (a) it is a denial of due process because of vagueness, (b) it is a denial of equal protection because of age classification in the statute, and (c) it is an overbroad restriction on protected activity. Defendant does not cite any authority in support of his contentions.

It is clear that the challenged statute is constitutional. Our Supreme Court has passed upon these identical arguments in *State v. Elam*, 302 N.C. 157, 273 S.E. 2d 661 (1981). Further elaboration on these points in this opinion would serve no useful purpose. The law as stated in *Elam* controls this appeal, and the assignments of error directed to the constitutionality of the statute are overruled.

[2]   Defendant contends the court erred in its charge by instructing the jury that masturbation in the presence of another would be an immoral or indecent act within the meaning of the statute. Defendant argues that because the statute uses the words "with any child," there must be some touching of the child to constitute an indecent liberty under the statute. We reject the argument and hold that it is not necessary that there be a touching of the child by the defendant in order to constitute an indecent liberty within the meaning of N.C.G.S. 14-202.1. *See State v. Turgeon*, 44 N.C. App. 547, 261 S.E. 2d 501, *disc. rev. denied*, 299 N.C. 740 (1980). The purpose of the statute is to give broader protection to children than the prior laws provided. *State v. Harward*, 264 N.C. 746, 142 S.E. 2d 691 (1965). The word "with" is not limited to mean only a physical touching. *See* Webster's Third New International Dictionary 2626 (1971). We find no prejudicial error in the challenged instruction.

Accordingly, we hold that the acts allegedly performed by defendant were "immoral, improper, or indecent liberties" within the meaning of the statute. Therefore, we overrule defendant's last assignment of error, in which he contends the trial court erred in denying his motions to dismiss for insufficiency of the state's evidence.

No error.

Judges HEDRICK and WELLS concur.