STATE OF NORTH CAROLINA v. JAMES HARDEN HORNER

No. 189A83

(Filed 2 February 1984)

1. **Criminal Law § 15.1— pretrial publicity—denial of venue change**

    The trial court in a rape case did not err in the denial of defendant's motion for a change of venue because of pretrial publicity in the county of trial where defendant supported his motion with only two newspaper articles which referred to defendant's escape from custody and not to the rape charges, and where defendant's trial was held about three and one-half months after these publications appeared.

2. **Criminal Law § 91.6— time to review discovery materials—denial of continuance**

    The trial court did not err in the denial of defendant's motion for a continuance made on the ground that defense counsel needed additional time in which to review discovery materials where defendant filed no affidavit in support of his motion; defendant failed to give specific reasons to support his assertion that counsel had not had sufficient time to examine the discovery materials; and defendant failed to introduce into evidence the discovery materials defense counsel allegedly needed additional time to review.

3. **Searches and Seizures § 44— denial of motion to suppress—oral rulings at trial—later written order**

    The trial court's order denying defendant's motion to suppress several items of physical evidence was not improperly entered "out of session and out of district" where the court passed on each part of the motion to suppress in open court as it was argued and later reduced its ruling to writing, signed the order, and filed it with the clerk. Furthermore, defendant failed to show prejudice from the failure of the trial court to make the findings at the time the rulings were made during the suppression hearing. G.S. 15A-977(d), (f); G.S. 15A-1443(a).

4. **Searches and Seizures § 21— affidavit for search warrant—hearsay information from another officer**

    An officer's affidavit based on information reported to him by another officer in the performance of her duties was sufficient to support issuance of a warrant to search defendant's car for a rug allegedly used during a rape.

5. **Criminal Law § 113.1— recapitulation of the evidence**

    The trial judge is not required to recapitulate the evidence but is only required to summarize enough evidence to allow him to explain and apply the appropriate rules of law. G.S. 15A-1232.

6. **Criminal Law § 163— failure to object to instructions—waiver of objection**

    Failure of a party to object to the jury charge before the jury retires constitutes a waiver of any such objection. App. R. 10(b)(2).

**7. Criminal Law § 163— court's summary of the evidence—plain error rule inapplicable**

Although the trial court's summary of the evidence approached the irreducible minimum for application of the law to the evidence, the "plain error" rule will not be applied to the court's summary, particularly in light of the court's invitation to counsel to request further instructions.

**8. Rape and Allied Offenses § 6.1— first degree rape—refusal to submit attempt to rape**

The trial court in a first degree rape prosecution did not err in refusing to submit the lesser included offense of an attempt to commit first degree rape where the nine-year-old victim testified to a completed act of vaginal intercourse, and defendant in his testimony merely denied that he had sexual intercourse with the victim.

APPEAL by defendant from judgments entered by *Barnette, J.,* at the 3 January 1983 Criminal Session of Superior Court, CHATHAM County. Heard in the Supreme Court 7 November 1983.

Defendant was tried and convicted of two charges of rape in the first degree. From consecutive sentences of imprisonment for life, defendant appealed.

The state's evidence, in brief, showed: Defendant is the father of nine-year-old Angela Horner. He and Angela's mother, Carolyn, are divorced; Carolyn has remarried and has custody of Angela. Defendant is now married to Gilda Horner. Defendant was released from prison a short time before the alleged rapes occurred.

On Friday, 20 August 1982, defendant and Gilda picked up Angela and her brother Robbie for weekend visitation. Defendant had been drinking heavily for about a month before this date. He consumed a large quantity of beer before picking up the children. During the return to Siler City, Gilda took over the operation of the car because of defendant's drinking. They arrived back at defendant's home after midnight. Defendant then asked Angela to go to the store with him, and they left the house in defendant's car. He proceeded down a dirt road, stopped, took Angela out of the car, undressed her, and placed her upon a dirty red rug which he had removed from the car trunk. He then had sexual intercourse with her. Afterwards, they drove to the store and bought potato chips and Mountain Dew drinks. Defendant drove back to the same dirt road and again had sexual intercourse with Angela.

He used her Mountain Dew drink to wash the blood from between her legs and took her home. Two days later, Angela was taken to the Alamance Hospital and was examined and treated by a doctor. She was also examined and questioned at Duke Hospital. The medical evidence indicated that Angela had a tear in her vagina which required repair by sutures with Angela under a general anesthesia. In the doctor's opinion, the injuries to Angela were caused by the forced entry of a large object such as a penis into her vagina.

Defendant's evidence showed: On the day in question he had consumed a large quantity of beer and three "hits of speed." On Saturday morning, 21 August 1982, defendant took the red rug out of the car to use while he worked on the car. Angela sat on the rug at that time.

Defendant denied having sexual intercourse with Angela. When questioned at trial about the alleged events of Friday night, defendant replied "Not as I know of." (For example, "Did you get in your car with your daughter and head towards the store?" "Not as I know of.") On cross-examination, defendant stated that he did not remember anything after he turned the car over to Gilda to drive back to Siler City.

*Rufus L. Edmisten, Attorney General, by Myron C. Banks, Special Deputy Attorney General, for the state.*

*Adam Stein, Appellate Defender, by Lorinzo L. Joyner, Assistant Appellate Defender, for defendant.*

MARTIN, Justice.

[1] Defendant first argues that the trial court should have allowed his motion for change of venue. Defendant's motion was based upon prejudicial pretrial publicity in Chatham County. In support of this motion, the defendant "handed up" two newspaper articles, one from the Chatham Record of Thursday, 23 September 1982, and one from the Chatham County Herald of 9 September 1982. Neither of the articles was offered *into* evidence nor is either before us as an exhibit. The trial judge filed a written order denying defendant's motion. In so doing he found that the articles referred to defendant's escape from custody and not to the rape charges. The newspapers are weekly publications.

Defendant's trial was held the week of 3 January 1983, about three and one-half months after these publications appeared. The burden is on defendant to show prejudicial error in the denial of the motion for change of venue. *State v. Dobbins,* 306 N.C. 342, 293 S.E. 2d 162 (1982); *State v. Boykin,* 291 N.C. 264, 229 S.E. 2d 914 (1976). This he has failed to do.

[2] The trial court denied defendant's motion for a continuance, and defendant insists that this constitutes prejudicial error. We do not agree. The crimes were allegedly committed on 20 or 21 August 1982. Defendant's counsel was appointed 30 August 1982. The bills of indictment were returned on 13 September 1982 and 29 November 1982. The defendant escaped from the Chatham County jail on 16 September 1982 and was recaptured 5 November 1982. Defendant filed two motions for discovery. The first was in November, and defendant concedes it was complied with by the state. The second motion was filed on Wednesday, 29 December 1982, five days before the trial date. The motion to continue was filed at the same time.

The trial court held that the state had complied with the discovery motions, and defendant did not except to this ruling. He now contends that he needed additional time in which to review the discovery materials.

A motion for continuance is ordinarily addressed to the discretion of the trial judge, and his ruling thereon is not subject to review absent abuse of discretion. *State v. Stinson,* 267 N.C. 661, 148 S.E. 2d 593 (1966). However, when the motion is based upon a constitutional right, the issue is a reviewable question of law. *State v. Mason,* 295 N.C. 584, 248 S.E. 2d 241 (1978), *cert. denied,* 440 U.S. 984 (1979). Here, defendant's constitutional right to effective assistance of counsel is raised by the motion on the theory that defendant's counsel must have a reasonable time to investigate, prepare, and present defendant's case. Because no set length of time is guaranteed, each case must be decided upon its own circumstances. Continuances should not be granted unless the reasons therefor are fully established. Therefore, a motion for continuance should be supported by an affidavit showing sufficient grounds. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972); *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520 (1948). Defendant failed to file such affidavit.

While defendant told the trial court in a general way that he had not had sufficient time to examine the discovery material, he did not give specific reasons to support the assertion. Furthermore, defendant failed to introduce into evidence the discovery materials he allegedly needed additional time to review. Absent these materials, the reviewing court is left with only the naked assertion of defendant that he required additional time to review the materials. Defendant has failed to present us with adequate and specific circumstances of the case to support his claim of constitutional violation. *State v. Harrill*, 289 N.C. 186, 221 S.E. 2d 325 (1976). (Defendant failed to include in evidence the autopsy report which he relied upon as requiring additional time to review.) Defendant states in his brief only that the materials were the results of laboratory tests performed in September 1982 and a medical report from Dorothea Dix Hospital on defendant's competency to proceed to trial. This is insufficient to support a conclusion that as a matter of law defendant's constitutional rights were violated. This assignment of error is overruled.

[3] The trial court entered a written order denying defendant's motion to suppress several items of physical evidence that the state proposed to introduce. The written order was signed on 13 January 1983 and filed 18 January 1983. Defendant argues that the order is a nullity because it was entered "out of session, out of district and without defendant's consent." The record does not support the argument that the order was "entered" out of the district. It was filed with the Clerk of Superior Court of Chatham County, where the case was pending. If "entered" means "filed," the order was entered in the district. If "entered" means "signed," the record is silent on whether the judge was physically within the district when he signed the order.

In any event, these technicalities are not determinative of the issue. After hearing counsel's arguments on the motion in open court, the trial court decided it, then and there, in open court, during the session and within the judicial district. There were eight items in controversy in the motion to suppress: The trial court specifically held that the results of the nontestimonial order—a blood sample, head hair, pubic hair, and saliva—were admissible. Next, the trial court denied defendant's motion to suppress defendant's shirt and the tire from defendant's car. Last, the court denied defendant's motion to suppress the red rug and

hair from it. Thus it appears from the transcript that the trial judge ruled on each of the objects of the motion to suppress at the time of trial. He later reduced his ruling to writing, signed the order, and filed it with the clerk.

The holding of this Court in *State v. Boone*, 310 N.C. 284, 311 S.E. 2d 552 (1984), is not controlling on the issue. In *Boone*, the trial judge did not make a ruling on the motion to suppress in open court which was recorded as a part of the proceedings. The trial judge in *Boone* left the district and, after the session expired, wrote, signed, and mailed to the clerk the order denying the motion to suppress. Nothing in the trial transcript or record indicated that the trial judge had made his decision on the motion at any time in open court during the session. Here, the trial judge passed on each part of the motion to suppress in open court as it was argued.

*State v. Richardson*, 295 N.C. 309, 245 S.E. 2d 754 (1978), controls the issue in the case at bar. In *Richardson*, the trial judge announced his ruling in open court on a motion to suppress and later filed his written order with findings of fact and conclusions of law. The time that the written order was made was not disclosed by the record. The Court held that defendant had failed to show any prejudice from the delay in the entry of the written order. *See State v. Boone, supra; State v. Williams*, 34 N.C. App. 386, 238 S.E. 2d 195 (1977). Where the trial judge makes the determination after a hearing, as in this case, he must set forth in the record his findings of fact and conclusions of law. N.C. Gen. Stat. § 15A-977(d), (f) (1983). Findings and conclusions are required in order that there may be a meaningful appellate review of the decision. The statute does not require that the findings be made in writing at the time of the ruling. Effective appellate review is not thwarted by the subsequent order. Defendant has not shown prejudice from the failure of the trial court to make the findings at the time that the rulings were made during the suppression hearing. *State v. Richardson, supra*; N.C. Gen. Stat. § 15A-1443(a). The assignment of error is meritless.

In his brief, the defendant argues only that the red rug was erroneously allowed into evidence over his motion to suppress. He has, thereby, waived his objection to the remaining evidence which was the subject of his motion. N.C.R. App. P. 28(a).

[4] Defendant argues with respect to the rug that the search warrant was defective and that his wife, Gilda, did not have authority to consent to a search of the trunk of his automobile. We are not required to consider the consent argument as we find the search warrant in this case to be valid.

The trial court held the warrant to be invalid because there was no showing of probable cause in the affidavit. The affidavit of detective Henry J. Shamburger stated that "one red rug used in an [sic] rape charge is in a white over red Dodge Charger two door vehicle with bucket seat and no wheel covers." Further, "[t]hat in the Statement of victim an [sic] red rug was taking [sic] from the trunk and used in the Commission of the Crime. and rug was placed back inside trunk of the Car."

On voir dire, the evidence showed that Gay Phillips, a female officer with the Chatham County Sheriff's Department, interviewed the rape victim at Duke Hospital. The child told her about defendant taking the rug out of the trunk of the car, raping her upon it, and replacing it in the trunk. Ms. Phillips repeated this statement to Officer Shamburger shortly thereafter, and he proceeded to use it in the affidavit. N.C.G.S. 15A-244(3) requires that the affidavit contain a statement of facts and circumstances establishing probable cause to believe that the items are in the place to be searched. This statement may be based upon hearsay evidence. The officer making the affidavit may do so in reliance upon information reported to him by other officers in the performance of their duties. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971), *cert. denied*, 414 U.S. 874 (1973); *State v. Banks*, 250 N.C. 728, 110 S.E. 2d 322 (1959). Probable cause is concerned with probabilities, the practical considerations of everyday life upon which reasonable and prudent men act. *Brinegar v. United States*, 338 U.S. 160, 93 L.Ed. 1879 (1949). Observations of fellow officers engaged in the same investigation are plainly a reliable basis for a warrant applied for by one of their number. *United States v. Ventresca*, 380 U.S. 102, 13 L.Ed. 2d 684 (1965).

The affidavit in this case is clearly within the holdings of *Ventresca* and *Vestal*. The trial court improperly held the search warrant to be invalid. The red rug was properly admitted into evidence.

[5]   Defendant next contends that the trial court erred in failing to summarize the evidence in its charge to the jury. The trial judge is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence. N.C. Gen. Stat. § 15A-1232 (1983). He is not required to recapitulate the evidence but is only required to summarize enough to allow him to explain and apply the appropriate rules of law. *State v. Adcox*, 303 N.C. 133, 277 S.E. 2d 398 (1981).

The evidence in this case was plain and direct. That Angela had been raped was without question; the issue was, who did it? Defendant's evidence indicated that he thought Angela's step-father was the perpetrator. The defense of defendant was that Angela was untruthful and that he was drunk at the time. As noted above, when cross-examined about specific facts of the rape, defendant consistently and equivocably answered, "Not as I know of."

The trial judge instructed the jury, in part, as follows:

Now, the testimony in this case tends to show that on August 20th or August the 21st, 1982, that Angela Horner was nine years old. That she's nine years old today. That on August 20th, August 21st, 1982, that the defendant, James Horner, was 30 years old. That he's 30 years old today. That if you believe the testimony as to the ages of Angela Horner and James Horner, then you would find that at the time of the alleged offense Angela Horner was a child of 12 years or less in age and that James Horner was 12 years or more in age and was 4 or more years older than Angela Horner.

So finally, I charge you that as to the first alleged offense if you find from the evidence beyond a reasonable doubt that on or about August the 20th or August the 21st, 1982, the defendant, James Horner, engaged in vaginal intercourse with Angela Horner and at that time Angela Horner was a child of 12 years or less and that the defendant, James Horner, was of the age of 12 years or more and was 4 or more years older than Angela Horner, it would be your duty to return a verdict of guilty of rape in the first degree.

. . . .

So I would finally charge you as to the second alleged offense that if you find from the evidence beyond a reasonable doubt that on or about August the 21st, 1982, that the defendant, James Horner, engaged in vaginal intercourse with Angela Horner and that at that time Angela Horner was a child of 12 years or less and that the defendant James Horner, was of the age of 12 years or more and was 4 or more years older than Angela Horner, it would be your duty to return a verdict of guilty of first degree rape on this alleged offense.

. . . .

Now, ladies and gentlemen, you have heard the evidence and the arguments of counsel for the State and counsel for the defendant. Now, I have not summarized all of the evidence in the case or recapitulated all of the evidence in the case because I'm not required to do that as such. I'm only required to mention the evidence so as to apply the law to the evidence, but it is your duty to remember all of the evidence whether it has been called to your attention or not; and if your recollection of the evidence differs from that from mine or that of the Assistant District Attorney or from that of the defense attorney, you're to rely solely upon your recollection of the evidence in your deliberations.

After the jury retired, the following took place:

COURT: All right. At this time, going to ask you, Miss Scouten, and you, Mr. Messick, if before sending the verdict forms into the jury, are there any additional requests that either of you would like me to consider submitting to the jury? Are there any corrections in the charge that you would like to call to my attention or any other matters that you feel might be necessary at this particular time for me to consider concerning the charge?

MISS SCOUTEN: State has nothing, Your Honor.

MR. MESSICK: No, sir.

COURT: All right. O.K. All right.

[6]   Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure requires that a party object to the jury charge before the

jury retires to consider its verdict. Failure to do so waives any such objection. *State v. Hewett*, 295 N.C. 640, 247 S.E. 2d 886 (1978); *State v. Hartley*, 39 N.C. App. 70, 249 S.E. 2d 453 (1978), *cert. denied*, 296 N.C. 738 (1979). A party may waive statutory or constitutional provisions by express consent or conduct inconsistent with a purpose to insist upon it. *State v. Gaiten*, 277 N.C. 236, 176 S.E. 2d 778 (1970). As a corollary to this rule, in order for an appellant to assert such right on appeal, the issue must have been presented to the trial court. *State v. Parks*, 290 N.C. 748, 228 S.E. 2d 248 (1976). *Accord Edelman v. California*, 344 U.S. 357, 97 L.Ed. 387 (1953).

[7] Defendant urges us to apply the "plain error rule" in this case. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). This we refuse to do under the facts of this case, particularly in the light of the trial judge's invitation to counsel for further instructions. *State v. Best*, 265 N.C. 477, 144 S.E. 2d 416 (1965).

This is not to say that the court's charge was a model to be followed. To the contrary, the better practice is to give the jury a sufficient summary of the evidence to enable it to understand the court's application of the law to the evidence. The summary in this case approaches the irreducible minimum. We find no prejudicial error in the court's instructions.

[8] Finally, defendant contends that he was entitled to have the lesser included offense of an attempt to commit first-degree rape. N.C. Gen. Stat. § 14-27.6 (1981). The record does not contain evidence to support a charge of a lesser included offense. Therefore, it was not error to refuse to submit such charge to the jury. *State v. Williams*, 275 N.C. 77, 165 S.E. 2d 481 (1969). Angela testified to a completed act of vaginal intercourse. Defendant's testimony in denying that he had sexual intercourse with her by "Not as I know of" does not support a charge of an attempt to commit rape. A mere denial of the charges by defendant does not entitle the defendant to the submission of a lesser included offense. *See generally State v. Carson*, 296 N.C. 31, 249 S.E. 2d 417 (1978) (defendant relied on alibi); *State v. Patton*, 45 N.C. App. 676, 263 S.E. 2d 796 (1980). The assignment of error is overruled.

No error.