STATE OF NORTH CAROLINA v. WADE SHIRLEN STRICKLAND

No. 8429SC1155

(Filed 15 October 1985)

1. **Crime Against Nature § 1; Rape and Allied Offenses § 19— *taking indecent liberties with children*—not vague or overbroad**

     The statute which prohibits taking indecent liberties with children is not unconstitutionally vague and overbroad. G.S. 14-202.1.

State v. Strickland

2. **Rape and Allied Offenses § 19— taking indecent liberties with a minor—proximity to minor—evidence sufficient**

Defendant's motion to dismiss a charge of taking indecent liberties with a minor was properly denied where two boys were playing in the backyard of their home, there was a creek ten or fifteen feet wide with woods and undergrowth on either side in back of their home, they observed defendant sitting on a log about 62 feet away on the other side of the creek masturbating, defendant invited the boys to jump across the creek and imitate his activity, and defendant ran away when the father of one of the boys berated defendant. Defendant was close enough for the boys to see what he was doing and to hear his invitation, and close enough for defendant to see them and invite them to imitate his activity. G.S. 14-202.1.

APPEAL by defendant from *Albright, Judge.* Judgment entered 29 June 1984 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 22 August 1985.

Defendant was convicted of taking indecent liberties with a minor. The State's evidence tends to show that: Two seven year old boys were playing in the backyard of a trailer home, behind which there was a creek ten or fifteen feet wide with woods and undergrowth on the other side. They observed defendant, 41 years old, sitting on a log about 62 feet away on the other side of the creek masturbating. Defendant invited the boys to "jump across the creek, sit down and play with yours and see what it feels like." The boys left the yard twice, once to go inside and once to go behind a building, but defendant did not leave and remained in view of the boys while they were in the yard. The father of one of the boys, observing defendant's activities from the trailer, went outside and berated the defendant until he ran away. Defendant presented no evidence.

*Attorney General Thornburg, by Assistant Attorney General Kaye R. Webb, for the State.*

*White & Dalton, by Tony C. Dalton, for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant's first contention is that the prosecution should have been dismissed before trial, pursuant to his motion, because G.S. 14-202.1, which prohibits taking indecent liberties with children, is unconstitutionally vague and overbroad. This same contention was squarely rejected by our Supreme Court in *State v. Elam*, 302 N.C. 157, 273 S.E. 2d 661 (1981).

**[2]** Defendant next contends that the court erred in failing to dismiss the case at the close of the evidence because the evidence is insufficient to warrant his conviction. The indictment is based on Section (a)(1) of G.S. 14-202.1 (rather than Section (a)(2), which concerns a lewd or lascivious act committed or attempted on a child) and the State was required to prove that: (1) defendant is at least sixteen years old and more than five years older than the child in question, (2) the child is less than sixteen years old, and (3) defendant willfully took an indecent, immoral or improper liberty with the child for the purpose of gratifying his sexual desire. The first two elements, clearly established by evidence, require no discussion. As to the third element, defendant argues that: He was too far away from the children to be *with* them for the purpose of taking an indecent liberty, and that the word "with" in the statute requires close proximity or nearness, which the State's evidence failed to establish. This argument is rejected. In *State v. Turman,* 52 N.C. App. 376, 278 S.E. 2d 574 (1981), we refused to hold that physical touching is necessary in an indecent liberty prosecution under G.S. 14-202.1(a)(1), and in this case we refuse to hold that a defendant must be within a certain distance of or in close proximity to the child. Here, the defendant was about the same distance from the boys that home plate is from the pitcher's mound on a baseball diamond; it was close enough, according to the evidence, for the boys to see what he was doing and to hear his invitation; and it was close enough for defendant to see them and invite them to imitate his own activity. The liberty that defendant willfully took with the boys, according to evidence, in exposing his lewd and lascivious activity to them and inviting their participation was certainly indecent, immoral and improper; and that it was done for the purpose of arousing and gratifying his sexual desire could be inferred. Thus, this contention is overruled.

Defendant's other assignment of error, based on the court's refusal to instruct the jury that he had to be in close proximity to the boys in order to be guilty of the offense charged, is also overruled, for the reasons stated above.

No error.

Judges WELLS and WHICHARD concur.