STATE OF NORTH CAROLINA v. PAUL DAVID HICKS

No. 8525SC936

(Filed 4 March 1986)

1. **Criminal Law § 66.20— identification testimony—motion to suppress—absence of formal ruling**

    Defendant was not prejudiced by the trial court's failure to make a formal ruling on defendant's motion to suppress the victim's in-court identification of him where the record clearly reflects the court's decision to deny defendant's motion in that the court, after conducting a *voir dire*, recalled the jury while the victim was on the stand and allowed the State to proceed.

2. **Criminal Law § 66.20— denial of motion to suppress identification testimony— written order out of session**

    Defendant was not prejudiced by the court's filing of a written order denying his motion to suppress an in-court identification out of session where the court orally ruled on the motion to suppress during the trial.

3. **Rape and Allied Offenses § 19— indecent liberties with child—sufficiency of evidence**

    The State's evidence was sufficient to show that defendant took or attempted to take indecent liberties with a minor for the purpose of arousing or gratifying sexual desire in violation of N.C.G.S. 14-202.1(a)(1) where it tended to show that defendant followed alongside the ten-year-old victim and several times expressed a desire to have sexual intercourse with her, and that defendant exposed his penis and placed his hand on it while within several feet of the victim.

APPEAL by defendant from *Owens, Judge*. Judgment entered 14 June 1985 in Superior Court, CATAWBA County. Heard in the Court of Appeals 15 January 1986.

Defendant was indicted and tried on a charge of taking indecent liberties with a minor. The State's evidence tended to show the following. The victim, a ten-year-old, was walking home from school. Defendant approached her on his bicycle. He followed alongside her and several times said "I want to fuck you." The victim was frightened. The last time defendant said this, he had stopped his bicycle, with his feet on the ground. The victim saw

that defendant had his penis exposed and had his hand on his penis. She ran off; defendant did not follow. Defendant had come close to the victim, within two feet, but never actually touched her.

Defendant presented no evidence. The court denied his request for instructions on the lesser offense of indecent exposure. The jury found defendant guilty as charged. From a sentence in excess of the presumptive, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Harbinson, Harbinson & Parker, by Jason R. Parker, for defendant-appellant.*

EAGLES, Judge.

Defendant brings forward two questions, arguing that the order denying his motion to suppress was invalid and that the evidence was insufficient to support the charge. We disagree.

## I

Defendant moved at trial to suppress the victim's in-court identification of him as the perpetrator. (The record does not reflect any pre-trial or written motion to suppress.) Following a *voir dire* hearing, defendant argued that the identification should be suppressed because of an impermissibly suggestive photographic line-up. The court did not make a formal ruling but indicated it would make findings of fact. The court allowed the State to proceed with the identification testimony in the jury's presence. Sometime later, after the session had expired, the court entered a written order including findings of fact denying defendant's motion to suppress. Defendant now assigns error, arguing that the order was null and void, entitling him to a new trial.

## A

Defendant here is in poor position to claim prejudice from failure to adhere to the letter of the law of criminal procedure. Motions to suppress evidence ordinarily must be made before trial and in writing, in the absence of circumstances not applicable here. G.S. 15A-975; G.S. 15A-977; *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976). Failure to comply with G.S.

15A-975 can result in summary denial of the motion. *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980). In spite of the procedural failings, we consider this assignment on its merits.

B

[1] The failure of the court to make a formal ruling denying the motion or admitting the evidence does not by itself constitute reversible error. Substantial rights, not technical formality, are our concern here. G.S. 15A-1443. Ordinarily a party is entitled to a timely ruling on an objection to evidence. The failure to rule formally does not generally rise to the level of reversible error unless accompanied by other conduct of the trial judge evincing an opinion on the merits. *State v. Staley*, 292 N.C. 160, 232 S.E. 2d 680 (1977) (trial judge played "unusually active interrogational role," and did not rule on 13 of 43 defense objections; new trial); *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971) (judge told reporter to put "overruled" after succeeding defense objections, then ignored them; new trial); *compare State v. Chapman*, 294 N.C. 407, 241 S.E. 2d 667 (1978) (failure to rule on six objections "abdication" of judicial function; but since objections of little merit, no prejudice). Where the court's decision is clear from the record, the absence of a formal ruling is not prejudicial. *State v. Locklear*, 26 N.C. App. 300, 215 S.E. 2d 859 (record "definitive"), *cert. denied*, 288 N.C. 248, 217 S.E. 2d 672 (1975); *see Moore v. New York Life Ins. Co.*, 266 N.C. 440, 146 S.E. 2d 492 (1966) (jury could have only interpreted ruling as requiring them to disregard evidence). In cases where a more definite ruling is desired, counsel should request the court to make the ruling more clear. 88 C.J.S. Trial Section 145c (1955). Here the court recalled the jury while the witness was on the stand and allowed the State to proceed. This record clearly reflects the court's decision to deny defendant's motion.

C

[2] The only question remaining is whether the court's filing of the written order out of session so prejudiced defendant as to require a new trial. Two recent cases of our Supreme Court have addressed this type of question. *State v. Boone*, 310 N.C. 284, 311 S.E. 2d 552 (1984); *State v. Horner*, 310 N.C. 274, 311 S.E. 2d 281 (1984) (both filed 2 February 1984). In *Boone*, a motion to suppress was heard before trial. The hearing judge did not rule on the mo-

tion in open court, but mailed a signed order from outside the district after the session had expired. Defendant renewed his motion to suppress at trial, arguing that the written order was invalid. The trial court denied the motion, and the Supreme Court held that this was prejudicial error, since the order was of no legal effect. The court noted that the "critical decision," the ruling on the motion, was neither made in open court nor made in session. *Id.* at 289, 311 S.E. 2d at 556. Defendant argues that we must follow *Boone.*

It appears that *Horner* provides the controlling rule for this case, however. There the judge ruled on the motion during trial and in open court. The judge's written order was not filed until two weeks later. The Supreme Court rejected defendant's argument that he was entitled to a new trial. The court reasoned that since written findings and conclusions are required to facilitate appellate review, that purpose is not hampered by an order entered subsequent to trial. Since the trial judge ruled on the motion to suppress during trial, defendant failed to show prejudice arising from entry of the order after the session. *Id.* at 279, 311 S.E. 2d at 285. (The court left open the question of *where* an order mailed to the clerk is entered.) We hold that *Horner* controls here and that there was no prejudicial error in the entry of the order out of session.

## II

[3] Defendant's second question is whether the evidence in this case supports a charge of taking indecent liberties with a minor. The statute, G.S. 14-202.1(a)(1), reads:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire.

This statute has been upheld against challenges that it is unconstitutionally vague. *State v. Elam,* 302 N.C. 157, 273 S.E. 2d 661 (1981); *State v. Maxwell,* 47 N.C. App. 658, 267 S.E. 2d 582, *disc. rev. denied and appeal dismissed,* 301 N.C. 102, 273 S.E. 2d

307 (1980). We note that the legislature may make attempts equally punishable with completed criminal acts. *See* G.S. 14-89.1 (safecracking); *State v. Sanders*, 280 N.C. 81, 185 S.E. 2d 158 (1971) (attempt properly made crime of equal dignity). The indictment and the court's instructions to the jury both tracked the statutory language concerning taking *or attempting to take* immoral, improper or indecent liberties. Therefore, the question is not, as defendant appears to frame it in his brief, whether defendant *completed* any sexual act or offensive touching of the victim, but whether the evidence showed that he took *or attempted to take* any immoral, improper or indecent liberties with the victim. (There is no dispute that defendant and the victim fit the statutory age classes.)

A

Beginning with *State v. Turman*, 52 N.C. App. 376, 278 S.E. 2d 574 (1981), this court has recognized that no actual touching of a child is necessary to complete the offense described in G.S. 14-202.1. In *Turman* we relied on the legislative policy, inherent in the statute, to provide broad protection to children from the sexual conduct of older persons, especially adults. *See State v. Harward*, 264 N.C. 746, 142 S.E. 2d 691 (1965); *State v. Lance*, 244 N.C. 455, 94 S.E. 2d 335 (1956).

In *Turman* we upheld a conviction for taking indecent liberties with a child where the defendant masturbated in the presence of the child. In *State v. Kistle*, 59 N.C. App. 724, 297 S.E. 2d 626 (1982), *disc. rev. denied*, 307 N.C. 471, 298 S.E. 2d 694 (1983), we upheld a conviction based on the photographing of a nude child in a sexually suggestive position. Most recently in *State v. Strickland*, 77 N.C. App. 454, 335 S.E. 2d 74 (1985), we upheld a conviction where defendant masturbated within sight of two boys who were some 60 feet away, and invited them to join him. In none of these cases did the State produce evidence of actual touching.

These decisions indicate the protective scope of the statute. Undoubtedly its breadth is in recognition of the significantly greater risk of psychological damage to an impressionable child from overt sexual acts. We also bear in mind the enhanced power and control that adults, even strangers, may exercise over children who are outside the protection of home or school.

B

Accordingly, we conclude that defendant's conduct here, taken in the light most favorable to the State, fell within the purview of the statute. Not only did defendant approach and menace the victim, but he did so with a repeatedly announced desire to engage in sexual activity. Defendant exposed his penis and placed his hand on it while within several feet of the victim. Undoubtedly, this constituted sexual conduct. *See State v. Powell,* 74 N.C. App. 584, 328 S.E. 2d 613 (1985) (defendant fondled himself in victim's bedroom; burglary with intent to rape conviction upheld). Defendant's conduct went beyond mere preparation to engage in indecent sexual activity with the victim or in the victim's presence. *See State v. Moser,* 74 N.C. App. 216, 328 S.E. 2d 315 (1985). Defendant's intent to arouse or gratify sexual desire is readily inferable from his own words alone. *State v. Strickland, supra.* Under these circumstances, and in view of the broad scope of the statute, we do not think the State was required to prove that defendant actually masturbated, as defendant now contends. We hold that the State's evidence, taken in the light most favorable to the State, sufficed to show that defendant took or attempted to take an immoral liberty with the victim for the purpose of arousing or gratifying sexual desire.

C

Defendant argues that under *State v. Richmond,* 266 N.C. 357, 145 S.E. 2d 915 (1966), the State failed to prove the requisite criminal intent. We disagree. *Richmond* was decided under statutory language requiring intent "to commit an unnatural sexual act." That language no longer appears in G.S. 14-202.1. The State need now only prove a "purpose of arousing or gratifying sexual desire." That was sufficiently shown by the evidence.

III

Defendant's assignments of error relative to the sufficiency of the evidence are therefore overruled, as is his challenge to the validity of the order denying his motion to suppress. Defendant's assignments of error to the jury instructions are not argued and are therefore deemed abandoned. No error appears on the face of the record.

No error.

Judges MARTIN and COZORT concur.