STATE OF NORTH CAROLINA v. JAMES STEWART McCLEES

No. 912SC819

(Filed 19 January 1993)

1. **Rape and Allied Offenses § 19 (NCI3d) — taking indecent liberties with minor — secretly filming child who undressed — what "with" a minor means**

Defendant was "with" a minor within the context of N.C.G.S. § 14-202.1(a)(1), and there was no merit to his contention that the statute and subsequent case law required that the victim and defendant have physical contact or be in one

another's physical presence and that the victim must be aware of the perpetrator's presence before an indecent liberty could be taken "with" a child, where defendant, the headmaster of a school, took advantage of an authoritative position of trust by asking the victim to try on basketball uniforms; he strategically placed a camera such that she was unaware of its presence, thereby secretly filming the child as she changed clothes several times; as a result, defendant essentially had the same capability of viewing the victim in a state of undress as he would have had were he physically present in the room; and defendant was therefore constructively present and took immoral, improper or indecent liberties "with" the minor victim.

**Am Jur 2d, Infants §§ 15, 17.5.**

2. **Rape and Allied Offenses § 19 (NCI3d)— taking indecent liberties with minor — secretly filming child — sufficiency of evidence**

The evidence was sufficient to show that defendant took or attempted to take an immoral, improper, or indecent liberty with a child for the purpose of arousing or gratifying sexual desire by secretly filming the child as she tried on basketball uniforms in his office where the evidence tended to show that the video tape in question also contained a number of other scenes including those of a student using the bathroom and defendant masturbating in the school bathroom; pictures from a file taken from defendant's desk showed a former student sunbathing and pictures of students' faces taped over faces in lingerie ads; and a former student whom defendant also asked to try on uniforms once caught defendant as he appeared to be looking through the key-hole.

**Am Jur 2d, Infants § 17.5.**

Appeal by defendant from judgment entered 14 March 1991 by Judge William C. Griffin, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 16 October 1992.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David N. Kirkman, for the State.*

*Maynard A. Harrell, Jr. for defendant-appellant.*

IN THE COURT OF APPEALS

WYNN, Judge.

Defendant was indicted on 22 October 1990, pursuant to North Carolina General Statute § 14-202.1, for taking and attempting to take immoral, improper, or indecent liberties with N. B., a minor child.

The State's evidence tends to show that in April of 1984, some six years prior to the indictment, defendant was the head-master of Pongo Christian Academy, located outside of Belhaven, North Carolina. Defendant asked N. B., a fifteen year old female student at the school, to try on some basketball uniforms so he could evaluate them and determine whether to purchase sets for the school team. Defendant placed the uniforms on a desk in his office then left the office while Ms. B. changed. Resting on a shelf in the office, pointed in the direction of the desk, was a video tape camera which was recording at the time. The camera recorded Ms. B. as she removed all of her clothing except her underwear and tried on the uniforms.

Ms. B. testified that she was not aware of the presence of the video camera nor of the tape it produced until 1990 when police showed her the tape. Other evidence submitted by the State will be discussed within the context of our opinion below.

Defendant presented no evidence. At the close of all of the evidence, the defendant moved to dismiss the charges in the indict-ment. The trial judge denied the motion. Upon the jury verdict of guilty and sentencing to three years imprisonment, defendant appeals.

I.

Defendant's sole assignment of error alleges that the trial court erred in denying his motion for a directed verdict. Defendant con-tends that the evidence was insufficient to find him guilty of taking indecent liberties with a minor under the North Carolina statute. As a preliminary matter, we note that the defendant did not in fact move for a directed verdict in this criminal action but did move for a dismissal at the close of the State's evidence and again at the close of all evidence.

The test of the sufficiency of the evidence in a criminal prosecu-tion is the same whether the issue is raised by a motion to dismiss, directed verdict or nonsuit. *State v. Moser*, 74 N.C. App. 216,

219, 328 S.E.2d 315, 317 (1985) (citing *State v. Powell*, 299 N.C. 95, 261 S.E.2d 114 (1980) ). The question before the court is whether, considering the evidence, both competent and incompetent, in the light most favorable to the state, there is substantial evidence of all material elements of the offense charged. *Id*. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980).

Defendant contends that the State presented insufficient evidence to prove a violation of N.C.G.S. § 14-202.1(a)(1), which defines the crime of taking indecent liberties with a minor as follows:

> (a) A person is guilty of taking indecent liberties with children if being 16 years of age or more and at least five years older than the child in question, he:

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire.

N.C. Gen. Stat. § 14-202.1 (1986). In order to obtain a conviction under this statute, the State must prove (1) the defendant was at least 16 years of age, and more than five years older than the victim, (2) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (3) the defendant willfully took or attempted to take an immoral, improper, or indecent liberty with the victim for the purpose of arousing or gratifying sexual desire. *State v. Strickland*, 77 N.C. App. 454, 456, 335 S.E.2d 74, 75 (1985).

The first two elements are clearly established by the evidence. With respect to the third element, defendant makes two arguments: (1) that the State failed to show that he took an indecent liberty "with" a minor; and (2) that the State failed to show that the taping of the minor in this case was "for the purpose of arousing or gratifying sexual desire." We address each of the defendant's contentions in turn below and conclude that the offensive acts in this case fall within the purview of the statute.

1. Was The Defendant "With" A Minor Within The Context Of N.C.G.S. § 14-202.1 (a)(1)?

[1]   The defendant first contends that the statute and subsequent case law require either physical contact or that the victim and the alleged perpetrator be in one another's physical presence and further that the victim must be aware of the perpetrator's presence before an indecent liberty may be taken "with" a child.

This Court has firmly rejected the notion that the words "with any child" require that a defendant actually touch his victim to commit an immoral, improper, or indecent liberty under the statute. *State v. Turman*, 52 N.C. App. 376, 278 S.E.2d 574 (1981). Thus, activity found to fall within the purview of the statute includes the photographing of a naked child in a sexually suggestive pose, *State v. Kistle*, 59 N.C. App. 724, 297 S.E.2d 626 (1982), *disc. rev. denied*, 307 N.C. 471, 298 S.E.2d 694 (1983), masturbation within a child's sight, *Turman*, 52 N.C. App. 376, 278 S.E.2d 574, and a defendant's act of exposing his penis and placing his hand upon it while in close proximity to a child. *State v. Hicks*, 79 N.C. App. 599, 339 S.E.2d 806 (1986). Furthermore, this Court has refused to hold that the words "with any child" require a defendant to be "within a certain distance of, or in close proximity to the child." *Strickland*, 77 N.C. App. at 456, 335 S.E.2d at 75. In *Strickland*, the defendant was masturbating about 62 feet away from two boys and invited them to come over and imitate his activity. This Court held that where the distance was close enough for the children "to see what he was doing and to hear his invitation; and it was close enough for [the] defendant to see them and invite them to imitate his own activity," this was activity contemplated by the statute. *Id.* at 456, 335 S.E.2d at 76.

These decisions recognize the legislative policy inherent in the statute, to provide "children broader protection than available under other statutes proscribing sexual acts." *State v. Etheridge*, 319 N.C. 34, 49, 352 S.E.2d 673, 682 (1987) (citing *State v. Harward*, 264 N.C. 746, 142 S.E.2d 691 (1965) ). Moreover, they demonstrate that a variety of acts may be considered indecent and may be performed at varied distances from the victim, yet still be considered "with" a child "for the purpose of arousing or gratifying sexual desire."

Both the North Carolina Supreme Court and the Court of Appeals have addressed the purpose and scope of the indecent liberties statute. The Supreme Court has stated that:

STATE v. McCLEES

[108 N.C. App. 648 (1993)]

The evil the legislature sought to prevent in this context was the defendant's performance of any immoral, improper, or indecent act in the presence of a child "for the purpose of arousing or gratifying sexual desire." *Defendant's purpose for committing such an act is the gravamen of this offense*; the particular act is immaterial. It is important to note that the statute does not contain any language requiring a showing of intent to commit an unnatural sexual act. Nor is there any requirement that the State prove that a touching occurred. Rather the State need only prove the taking of any of the described liberties for the purpose of arousing or gratifying sexual desire.

*State v. Hartness*, 326 N.C. 561, 567, 391 S.E.2d 177, 180-81 (1990) (citation omitted) (emphasis added). *See also State v. Banks*, 322 N.C. 753, 370 S.E.2d 398 (1988). In discussing the protection against sexual deviates the statute seeks to afford children and the reasons for it, this Court stated:

Undoubtedly [the statute's] breadth is in recognition of the significantly greater risk of psychological damage to an impressionable child from overt sexual acts. We also bear in mind the enhanced power and control that adults, even strangers, may exercise over children who are outside the protection of home or school.

*Hicks*, 79 N.C. App. at 603, 339 S.E.2d at 809. Applying these principles and considering the wording of the statute, it is clear that the legislature had in mind indecent liberties taken *with* children. "Indecent liberties" are defined as "such liberties as the common sense of society would regard as indecent and improper." Black's Law Dictionary, (6th ed.). The word "with" in the connection in which it is employed in the statute indicates "in the company of: as companion of," Webster's Third New International Dictionary (Unabridged 1968), or "denoting a relation of proximity, contiguity or association." Black's, *supra*. Thus, "indecent liberties *with*" a minor implies an inherent liberty committed in the *presence of the minor*. However, Black's Law Dictionary defines "presence" as:

[t]he existence of a person in a particular place at a given time particularly with reference to some act done there and then. Besides actual presence, the law recognizes *constructive presence*, which latter may be predicated of a person who, though not on the very spot, was near enough to be accounted

present by the law, or who was actively cooperating with another who was actually present.

*Id.* (emphasis in original).

In the subject case, defendant took advantage of an authoritative position of trust by asking the victim to try on uniforms so that he could secretly film, and later observe her in a state of undress. Certainly defendant's behavior was such as the common sense of society would regard as indecent and improper. Although the defendant was not actually located in the room with his victim, he strategically placed a camera such that she was unaware of its presence, thereby secretly filming the child as she changed clothes several times at his direction. As a result, he essentially had the same capability of viewing her in a state of undress as he would have had, were he physically present in the room. Through the forces of modern electronic technology, namely the video camcorder, one can constructively place himself in the "presence" of another. Thus we find that defendant was "constructively present" and thereby took immoral, improper or indecent liberties "with" the minor victim.

2. Did The State Present Sufficient Evidence To Establish That The Acts Of The Defendant Were Done For The Purpose Of "Arousing Or Gratifying Sexual Desire"?

[2] Defendant next argues that since no evidence was presented showing that he ever actually viewed the video tape which depicted N. B. changing clothes, there was no evidence proving that he acted "for the purpose of arousing or gratifying sexual desire." However, the video tape in question also contained a number of other scenes which were admitted into evidence over the defendant's objection. Among those, was a scene showing the defendant setting up the camera in a small bathroom in the school. It showed an unidentified young woman rushing in the bathroom and using the toilet. The tape also contained two scenes showing the defendant masturbating, one of which showed him calling out the name "Donna" while viewing a video tape, and the other as he sat on the toilet in a school bathroom. Another scene showed a female student's buttocks as she used the telephone in defendant's office. Moreover, the State introduced evidence of pictures taken from a file in defendant's desk at the school. One picture showed a former student, D. B., sitting beside a river wearing a bathing suit. Some of the pictures were from pages of the lingerie section

of an Avon products catalogue, with pictures of the faces of certain female students from the school taped over the faces of the lingerie models. One of the faces taped over the face of a model was D. B.'s, a 1985 graduate of Pongo Academy, who testified that the defendant often asked her to go into the coach's office or the headmaster's office for the purpose of trying on uniforms. The State elicited further testimony that the defendant had frequently asked other female students at the school to try on uniforms. One student testified that in the process of trying on a uniform she opened the door to ask the defendant a question and was stunned to find the defendant leaning over as if looking through the key-hole.

This evidence may be considered to determine whether the defendant acted for the purpose of arousing or gratifying sexual desire. "A defendant's purpose being a mental attitude, is seldom provable by direct evidence and must ordinarily be proved by inference." *State v. Campbell*, 51 N.C. App. 418, 421, 276 S.E.2d 726, 729 (1981). *See Etheridge*, 319 N.C. at 49, 352 S.E.2d at 682 (jury could properly infer that defendant did certain acts for the purpose of arousing or gratifying his sexual desire). Given all of the State's evidence introduced at trial, the jury could properly infer that defendant set up a video camera in his office, placed uniforms on his desk in front of the camera and asked the child to go into his office and try on uniforms to film her in a state of undress for the purpose of arousing or gratifying his sexual desire.

We conclude that the State's evidence, taken in the light most favorable to the State, fell within the purview of the statute and sufficed to show that defendant took or attempted to take an immoral, improper, or indecent liberty with a child for the purpose of arousing or gratifying sexual desire. Accordingly, the trial court properly denied defendant's motion to dismiss.

No error.

Judges GREENE and WALKER concur.

Judge WALKER concurred in this opinion prior to 8 January 1993.