**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4216**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ALONSO FLORES SALAS,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:08-cr-00086-LHT-1)

Submitted:  March 18, 2010          Decided:  April 1, 2010

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North
Carolina, for Appellant.   Edward R. Ryan, United States
Attorney, Jennifer Lynn Dillon, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alonso Flores Salas pled guilty, without benefit of a plea agreement, to illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court imposed a five-year sentence. Salas appeals his sentence, contending that the district court erred by increasing his base offense level by sixteen levels after finding that he previously had been deported after a North Carolina conviction for a crime of violence; specifically, felony indecent liberties with a child. See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2008). We affirm.

We review a sentence for reasonableness under an abuse of discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), which requires consideration of both the procedural and substantive reasonableness of a sentence. Id. We first determine whether the district court properly calculated the defendant's advisory guidelines range, then consider whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. We presume that a sentence imposed within the properly calculated guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 347 (2007) (upholding presumption of reasonableness for

2

within-guideline sentence); United States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009), cert. denied, 130 S. Ct. 1100 (2010).

As used in § 2L1.2, the term crime of violence means certain specific offenses, including sexual abuse of a minor. USSG § 2L1.2, comment. (n.1(B)(iii)). "Sexual abuse of a minor" means "physical or nonphysical misuse or mistreatment of a minor for a purpose associated with sexual gratification." United States v. Diaz-Ibarra, 522 F.3d 343, 352 (4th Cir. 2008). In Diaz-Ibarra, we held that the Georgia offense of felony attempted child molestation was a crime of violence because "every violation of the statute necessarily involved a defendant's commission of an immoral or indecent act in a child's presence with the intent to arouse either the defendant or the child." Id. at 353. To determine whether a prior conviction is a crime of violence, we employ the categorical approach dictated by Taylor v. United States, 495 U.S. 575 (1990), and consider only the statutory definition of the crime and the fact of the conviction. See Diaz-Ibarra, 522 F.3d at 348. When the statute under scrutiny includes both violent and non-violent offenses, we may consider certain state court documents to discover whether the defendant's conduct is within the definition of a crime of violence. Id. (quoting Shepard v. United States, 544 U.S. 13, 26 (2005)). However, in Salas'

3

case, the materials included in the record on appeal contain no facts about his conduct from any state court documents.

Salas points out that (1) the North Carolina statute does not state that the criminal act must take place in the presence of the child, (2) the state court record does not disclose whether he touched the victim, and (3) unlike the Georgia statute at issue in Diaz-Ibarra, the North Carolina indecent liberties statute has been applied to acts committed outside the presence of the child. See State v. McClees, 424 S.E.2d 687 (N.C. 1993). Salas thus contends that, under Diaz-Ibarra, his indecent liberties offense is not a crime of violence because "the North Carolina courts have not strictly required that the child know of or be aware of the defendant's act," and instead apply the statute to acts which fall outside the categorical definition of "sexual abuse of a minor" recognized in Diaz-Ibarra.

In Diaz-Ibarra, we did not directly address whether a defendant's sexual abuse of a minor must occur in the presence of the victim. However, in the course of finding that no physical or psychological injury to the child is required, we agreed with the Fifth Circuit's definition of "sexual abuse of a minor" as "gratifying or arousing one's sexual desires in the actual or constructive presence of a child[.]" Diaz-Ibarra, 522 F.3d at 351 n.6 (quoting United States v. Izaguirre-Flores, 405

4

F.3d 270, 275 (5th Cir. 2005)). While the North Carolina courts have held that the state's indecent liberties statute applied to conduct that occurred outside the presence of the victim, see State v. Every, 578 S.E.2d 642 (N.C. Ct. App. 2003); McClees, 424 S.E.2d 687, in both cases the state court found that the defendant was constructively present when he committed the offense. Therefore, Salas has not shown that there is a realistic probability that his offense involved conduct that is outside the categorical definition of "sexual abuse of a minor" adopted in Diaz-Ibarra.

Salas also maintains that his case is not controlled by United States v. Pierce, 278 F.3d 282 (4th Cir. 2002), which held that a North Carolina conviction for indecent liberties is a "forcible sex offense" and thus a crime of violence for career offender purposes because it presents a serious risk of physical injury under USSG § 4B1.2(a)(2) and Application Note 1. Because the term "crime of violence" is specifically defined in the commentary to § 2L1.2, Salas is correct that there is no need to look to Pierce.

We conclude that the district court committed no procedural error and that Salas has failed to rebut the presumption of reasonableness which applies to his within-guideline sentence. We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the

5

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED