**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4251**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

JOSE LUIS RODRIGUEZ-TRUJILLO,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:15-cr-00332-D-1)

Submitted:  November 29, 2016        Decided:  January 18, 2017

Before DUNCAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Rodriguez-Trujillo appeals his sentence of 37 months' imprisonment imposed after he pled guilty to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). Rodriguez-Trujillo argues that this sentence is substantively unreasonable because it does not adequately account for his history and characteristics. He asserts that the district court wholly relied on a single prior felony conviction in imposing sentence and failed to properly weigh that he is not a career criminal, that he is hard-working and law-abiding, and that he entered the United States to protect his family from a drug cartel in northern Mexico. In addition, Rodriguez-Trujillo contends that the 16-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2015) is "draconian" and not supported by any empirical research of the United States Sentencing Commission. Lastly, Rodriguez-Trujillo insists that his sentence creates an unwarranted sentence disparity between him and other similarly situated defendants. We affirm.

Where, as here, a defendant does not challenge the procedural reasonableness of his sentence, the court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," considering "the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007).

2

"The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). We have reviewed the record and Rodriguez-Trujillo's arguments and conclude that Rodriguez-Trujillo has failed to rebut this presumption.

First, the district court thoroughly considered Rodriguez-Trujillo's arguments that he did not have a serious criminal history and that he reentered the United States to earn money to protect his family from a cartel. However, the district court appropriately determined that Rodriguez-Trujillo's prior conviction was significant and that he had the option to move his family south rather than leave them in a dangerous area and illegally reenter the United States. The district court also properly noted that, after being deported, Rodriguez-Trujillo attempted to reenter the United States and was turned away, yet he later entered the country without permission and was arrested for illegal behavior. Although Rodriguez-Trujillo may disagree with the

3

weight that the district court assigned to these factors, his disagreement alone "does not in itself demonstrate an abuse of the court's discretion." United States v. Susi, 674 F.3d 278, 290 (4th Cir. 2012); see United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that district courts possess "extremely broad discretion" in weighing sentencing factors). Second, this court has repeatedly rejected similar policy arguments aimed at USSG § 2L1.2(b). See, e.g., United States v. Hernandez-Osorio, 604 F. App'x 278, 279 (4th Cir. 2015) (No. 14-4699) (collecting cases). Finally, Rodriguez-Trujillo fails to cite any authority to support his sentence disparity position. To the contrary, this court has affirmed similar sentences for defendants who have committed the same offense and have a comparable prior state conviction. See, e.g., United States v. Alonso-Gonzalez, 501 F. App'x 236 (4th Cir. 2012) (No. 11-4581); United States v. Salas, 372 F. App'x 355 (4th Cir. 2010) (No. 09-4216).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4