STATE OF NORTH CAROLINA v. WILLIE MOSEL McCLARY, Defendant

No. COA09-102

(Filed 7 July 2009)

**1. Indecent Liberties— motion to dismiss—sufficiency of evidence—writing sexually graphic letter—purpose of arousing or gratifying sexual desire**

The trial court did not err by denying defendant's motion to dismiss the charge of taking indecent liberties with a child even though defendant contends the State presented insufficient evidence that he took or attempted to take an indecent liberty with the juvenile or that defendant's action was for the purpose of arousing or gratifying sexual desire because: (1) the Court of Appeals has specifically rejected the argument that the utterance of mere words, no matter how reprehensible, does not constitute the taking of an indecent liberty with a child; (2) the variety of acts included under N.C.G.S. § 14-202.1(a) demonstrates that the scope of the statute's protection is to "encompass more types of deviant behavior" and provide children with broader protection than that available under statutes proscribing other sexual acts; (3) taking the evidence in the light most favorable to the State, defendant gave the victim a letter containing sexually graphic language for the purpose of soliciting sexual intercourse and oral sex; (4) in light of the sexually graphic and grossly improper nature of the letter, the State presented sufficient evidence for a jury to reasonably conclude that defendant willfully took indecent liberties with the victim by writing and giving her the letter; (5) the requirement that defendant's actions were for the purpose of arousing or gratifying sexual desire may be inferred from the evidence of defendant's actions; and (6) the completion of defendant's ultimate desired act, having sexual intercourse and oral sex with the victim, was not required in order to allow the jury to reasonably infer that defendant's acts of writing and delivering the letter to the victim were for the purpose of arousing or gratifying sexual desire.

**2. Evidence— prior crimes or bad acts—testimony—sexual letter given to another girl**

The trial court did not commit plain error in a taking indecent liberties with a child case by admitting into evidence a statement by the victim regarding a prior letter allegedly given by

defendant to another girl because: (1) assuming *arguendo* that the trial court erred in admitting this testimony, the error did not rise to plain error since uncorroborated testimony of the victim is sufficient to convict under N.C.G.S. § 14-202.1 if the testimony establishes all of the elements of the offense; (2) the victim's testimony that defendant delivered the letter to her, defendant's use of sexually graphic language in the letter, and defendant's overt solicitation of sexual acts constituted substantial evidence showing defendant's willful taking of an indecent liberty with an underlying purpose of arousing or gratifying his sexual desire; and (3) defendant failed to show that the jury probably would have returned a different verdict absent the disputed testimony.

**3. Constitutional Law— effective assistance of counsel—failure to object**

Defendant did not receive ineffective assistance of counsel in an indecent liberties case based on trial counsel's failure to object to the admission of disputed testimony because defendant failed to show that absent the admission of the disputed testimony the jury probably would have returned a different verdict.

Appeal by defendant from judgment entered 29 May 2008 by Judge Thomas D. Haigwood in Wayne County Superior Court. Heard in the Court of Appeals 10 June 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Susan K. Hackney, for the State.*

*Kimberly P. Hoppin, for defendant-appellant.*

STEELMAN, Judge.

Where the State presented substantial evidence to support each element of taking an indecent liberty with a child, the trial court properly denied defendant's motion to dismiss. Where defendant failed to show that the jury would have returned a different verdict absent the admission of the disputed testimony, the trial court did not commit plain error in admitting the testimony. Where defendant failed to show that the jury would have returned a different verdict had trial counsel objected to the admission of the disputed testimony, defendant was not denied his right to effective assistance of counsel.

## I. Factual and Procedural Background

On 7 April 2008, defendant was charged with taking indecent liberties with a child. N.C. Gen. Stat. § 14-202.1(a) (2007).

Defendant and J.M. lived next door to each other. At the time of the alleged incident, defendant was thirty-seven years of age, and J.M. was fifteen years of age. Although J.M. never engaged in conversation with defendant, she would often walk by defendant's house, and he would come outside and say, "hey, beautiful" or "hey, sexy."

In the light most favorable to the State, the evidence presented at trial tended to show that on 20 January 2008, J.M. walked home alone from a park. As she crossed the railroad tracks she heard footsteps behind her. She turned around, and defendant handed her a letter written on notebook paper. He told her not to show the letter to anyone or tell anyone about it. When J.M. arrived home, she first showed the letter to her brother and then opened it up and read it. On the outside of the letter was written, "Let's 'f____' Please Please give me some of that 'P____' To: you from: me." On the inside was written the following:

Baby Girl; Little Beautiful

What's up Baby Girl? And what's going on with you At This present time; And moment; nothing much my WAy Just Thinking about you; And Trying To figure out when will you let; And Allow me To "f____" you; And Receive some of your; "sweet"; "fat"; "Juicy"; and "Wet" "P____"; I'm offering you $10 Dollars That's All That I Have; And Got to To give Right Now; But I want for us To Do This Thing This friday say Around Between 5-o clock; And 7-oclock when There's No-one Here But The Two of us Just "f____ing" each other; Me "e____ing" And "su____ing" That "P.____" As well; so Boo; Boo let's get Together And Do The D____ Thing; And Just "f____" like we've Never "f____" Before; you; And I; you; And Me us "f____ing"; so please shorty let Me Have some of That "P____"; so let me Know By Thursday or Better yet Wens'Day Cause I Really want That "P____";

P.S. let No-one Know But you And Me okay Thank you;

P.S.S. Between you; And Me let's "f____" Please; So please give some of "your" "P____"

P.S.S.S. Between you; And I Please give me "some of That "p_____" Please give Me That some "your"; "p_____"; Please; "p_____"; "P_____;

P.S.S.S. Please let Me Have "some" of "your" "P_____" Please "some" of "your" "P_____" Please give "some" of "your"; "P_____";

Upon reading the letter, J.M.'s father immediately called the police. During questioning, defendant did not deny writing the letter but asserted that he had written it for, and given it to, a lady his own age named Iris a few weeks earlier. He did not know her last name or where she currently lived, except that it was somewhere behind a Hardee's on Wayne Memorial Drive. After an investigation, the police were unable to locate any woman named Iris of that age with an address anywhere in the city.

On 29 May 2008, the jury found defendant guilty of taking an indecent liberty with a child. Defendant was found to be a prior record level I for felony sentencing and received an active sentence of thirteen to sixteen months.

Defendant appeals.

## II. Taking an Indecent Liberty with a Child

[1] In his first argument, defendant contends that the trial court erred in denying defendant's motion to dismiss the charge of taking an indecent liberty with a child. We disagree.

"[I]n ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each essential element of the crime and whether the defendant is the perpetrator of that crime." *State v. Ford*, 194 N.C. App. 468, 472-73, 669 S.E.2d 832, 836 (2008) (quoting *State v. Everette*, 361 N.C. 646, 651, 652 S.E.2d 241, 244 (2007)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The test for determining the sufficiency of the evidence to withstand defendant's motion to dismiss is the same whether the evidence is circumstantial, direct, or both. *State v. Vause*, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991). "[I]f a motion to dismiss calls into question the sufficiency of circumstantial evidence, the issue for the court is whether a reasonable inference of the defendant's guilt may be drawn from the circumstances." *Id.* (citing *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1979)). We view the evidence "in the light most favorable to

the State, giving the State the benefit of all reasonable inferences." *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992) (citing *State v. Small*, 328 N.C. 175, 180, 400 S.E.2d 413, 417 (1991)).

N.C. Gen. Stat. § 14-202.1(a) defines taking indecent liberties with a child in part as:

A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire[.]

N.C. Gen. Stat. § 14-202.1(a)(1) (2007).

Defendant contends that the State did not present sufficient evidence that defendant took or attempted to take an indecent liberty with the juvenile, or that defendant's action was for the purpose of arousing or gratifying sexual desire.

Indecent liberties are defined as "such liberties as the common sense of society would regard as indecent and improper." *State v. Every*, 157 N.C. App. 200, 205, 578 S.E.2d 642, 647 (2003) (quoting *State v. McClees*, 108 N.C. App. 648, 653, 424 S.E.2d 687, 690, *disc. review denied*, 333 N.C. 465, 427 S.E.2d 626 (1993)). Neither a completed sex act nor an offensive touching of the victim are required to violate the statute. *State v. Hicks*, 79 N.C. App. 599, 603, 339 S.E.2d 806, 809 (1986) (citing *State v. Turman*, 52 N.C. App. 376, 377, 278 S.E.2d 574, 575 (1981)). This Court has specifically rejected the argument that "the utterance of 'mere words,' no matter how reprehensible, does not constitute the taking of an indecent liberty with a child." *Every*, 157 N.C. App. at 205, 578 S.E.2d at 648.

The State is required to show that "the action by the defendant was for the purpose of arousing or gratifying sexual desire." *State v. Rhodes*, 321 N.C. 102, 104, 361 S.E.2d 578, 580 (1987) (citing *Hicks*, 79 N.C. App. at 602, 339 S.E.2d at 808). "[A] variety of acts may be considered indecent and may be performed to provide sexual gratification to the actor." *Every*, 157 N.C. App. at 206, 578 S.E.2d at 648 (quoting *State v. Etheridge*, 319 N.C. 34, 49, 352 S.E.2d 673, 682 (1987)). Moreover, the variety of acts included under the statute demonstrate that the scope of the statute's protection is to "encompass more types of deviant behavior" and provide children with "broader protection"

than that available under statutes proscribing other sexual acts. *Id.* (quoting *Etheridge*, 319 N.C. at 49, 352 S.E.2d at 682).

In the instant case, taking the evidence in the light most favorable to the State, defendant gave J.M. a letter containing sexually graphic language for the purpose of soliciting sexual intercourse and oral sex. This letter included the use of the word "f_____" seven times and the word "p_____" thirteen times. The letter also offered to pay J.M. ten dollars. Defendant's actions of overtly soliciting sexual acts from J.M. through the sexually explicit language contained in the letter fall within the broad category of behavior that "the common sense of society would regard as indecent and improper." *Id.* at 205, 578 S.E.2d at 647 (quoting *McClees*, 108 N.C. App. at 653, 424 S.E.2d at 690). In light of the sexually graphic and grossly improper nature of the letter, the State presented sufficient evidence for a jury to reasonably conclude that defendant willfully took indecent liberties with J.M. by writing and giving her the letter.

The requirement that defendant's actions were for the purpose of arousing or gratifying sexual desire "may be inferred from the evidence of the defendant's actions." *Rhodes*, 321 N.C. at 105, 361 S.E.2d at 580. In *State v. McClees*, this Court held that the defendant's act of secretly videotaping an undressed child was for the purpose of arousing or gratifying sexual desire even though no evidence was presented showing that the defendant ever actually viewed the video. *McClees*, 108 N.C. App. at 654-55, 424 S.E.2d at 690-91. Thus, the completion of the defendant's ultimate desired act, watching the video tape, was not required in order to allow the jury to reasonably infer that the defendant's acts of secretly setting up the video camera and arranging for the child to undress directly in front of the camera were for the purpose of arousing or gratifying sexual desire.

In the instant case, the completion of defendant's ultimate desired act, having sexual intercourse and oral sex with J.M., was not required in order to allow the jury to reasonably infer that defendant's acts of writing and delivering the letter to J.M. were for the purpose of arousing or gratifying sexual desire. Taking the evidence in the light most favorable to the State, defendant's purpose in writing and giving the letter to the juvenile could be inferred from the language found in the letter. The repeated, explicit, sexual language expressing defendant's desire to engage in sexual acts with the juvenile was sufficient evidence for a jury to infer that defendant's written solicitation of sexual acts was for the purpose of arousing or gratifying his sexual desire.

We hold that the State presented sufficient evidence of each element of taking an indecent liberty with a child. The trial court properly denied defendant's motion to dismiss.

This argument is without merit.

### III. Plain Error

**[2]** In his second argument, defendant contends that the trial court committed plain error by admitting into evidence testimony regarding a prior letter allegedly given to another girl by defendant. We disagree.

We review this issue for plain error because defendant failed to object to the admission of the testimony at trial. *See State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). Plain error review is only available in criminal cases and is limited to errors in jury instructions or rulings on the admissibility of evidence. *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). In order to establish plain error, defendant has the burden of showing "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *Bishop*, 346 N.C. at 385, 488 S.E.2d at 779.

During direct examination by the State, the officer in charge of the investigation read into evidence the statement he took from J.M. Included in J.M.'s statement was her response to the officer's question of whether she knew of any other girls defendant had given similar letters to. J.M.'s response was "[s]omebody told me that he did it to another girl named Jasmine who now goes to Eastern Wayne High School. She used to go to Goldsboro Middle. She is a freshman. My brother knows her phone number."

Assuming *arguendo* that the trial court erred in admitting this testimony, the error does not rise to plain error. "The uncorroborated testimony of the victim is sufficient to convict under N.C.G.S. § 14-202.1 if the testimony establishes all of the elements of the offense." *State v. Quarg*, 334 N.C. 92, 100, 431 S.E.2d 1, 5 (1993) (citing *State v. Vehaun*, 34 N.C. App. 700, 705, 239 S.E.2d 705, 709 (1977), *cert. denied*, 294 N.C. 445, 241 S.E.2d 846-47 (1978)). In the instant case, the State presented sufficient evidence to allow a jury to reasonably conclude that defendant was guilty of taking an indecent liberty with a child. J.M.'s testimony that defendant delivered the letter to her, defendant's use of sexually graphic language in the letter,

and defendant's overt solicitation of sexual acts constituted substantial evidence showing defendant's willful taking of an indecent liberty with an underlying purpose of arousing or gratifying his sexual desire.

Defendant failed to show that the jury probably would have returned a different verdict absent the disputed testimony and thus, has failed to show plain error.

This argument is without merit.

## IV. Ineffective Assistance of Counsel

[3] In his third argument, defendant contends that because trial counsel failed to object to the admission of the disputed testimony, defendant was denied his right to effective assistance of counsel. We disagree.

"The proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington,* 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). First, defendant must show that his counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, defendant must show that counsel's deficient performance was so prejudicial as to deprive defendant of a fair trial. *Id.* Even an unreasonable error made by counsel does not warrant reversal unless there is a "reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *State v. Braswell,* 312 N.C. 553, 563, 324 S.E.2d 241, 248 (1985). If a reviewing court can determine that there is no reasonable probability that absent counsel's alleged error the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient. *Braswell,* 312 N.C. at 563, 324 S.E.2d at 249.

As outlined in our foregoing analysis, defendant failed to show that absent the admission of the disputed testimony the jury probably would have returned a different verdict. Thus, defendant also failed to show that he was prejudiced by trial counsel's failure to object to the admission of the disputed testimony.

This argument is without merit.

Defendant has failed to argue his remaining assignments of error, and they are deemed abandoned. N.C. R. App. P. 28(b)(6) (2009).

NO ERROR.

Judges HUNTER, ROBERT C. and GEER concur.