NO. COA13-1248

NORTH CAROLINA COURT OF APPEALS

Filed:  19 August 2014

STATE OF NORTH CAROLINA

    v.                          Rowan County
                                No. 12 CRS 55671
ANTHONY PRESSLEY


Appeal by defendant from judgments entered 11 June 2013 by Judge W. Erwin Spainhour in Rowan County Superior Court.  Heard in the Court of Appeals 6 March 2014.

> *Roy Cooper, Attorney General, by Hal F. Askins, Special Deputy Attorney General, for the State.*
>
> *Gilda C. Rodriguez for defendant-appellant.*


DAVIS, Judge.

Anthony Pressley ("Defendant") appeals from judgments entered upon a jury verdict finding him guilty of two counts of failure to register as a sex offender pursuant to N.C. Gen. Stat. § 14-208.11, based on his listing of a false address on forms submitted to law enforcement officers following his release from prison.  Defendant argues on appeal that the trial court (1) erred in denying his motion to dismiss based on the State's failure to show that one of the forms containing false

information was actually required by law to be submitted; (2) committed plain error in failing to instruct the jury regarding the statutorily designated intervals at which such forms must be submitted; and (3) erred in denying his motion to dismiss based on his contention that he was charged twice for the same offense. After careful review, we conclude that Defendant received a fair trial free from error.

### Factual Background

The State's evidence at trial tended to establish the following facts: Defendant was previously found guilty in Rowan County Superior Court of taking indecent liberties with a child. He was sentenced to a term of 19-23 months imprisonment and was released from prison on 23 April 2012. Pursuant to N.C. Gen. Stat. § 14-208.7, Defendant – as a convicted sex offender – was required to provide, upon his release from prison, a signed form to the sheriff of his county of residence containing, *inter alia*, the following information:

> The person's full name, each alias, date of birth, sex, race, height, weight, eye color, hair color, drivers license number, *and home address.*

N.C. Gen. Stat. § 14-208.7(b)(1) (2013) (emphasis added).

Upon his release from prison on 23 April 2012, Defendant registered with the Rowan County Sheriff's Office, listing his

residence on the form as 364 Culbertson Estate's Drive, Woodleaf, North Carolina, which was the address of his mother's home. On 4 June 2012, at the written direction of the State Bureau of Investigation, Defendant signed an additional verification of information form, continuing to list this same address.

On 3 July 2012, David Allen ("Chief Allen"), the Chief of Police for the Town of Cleveland, North Carolina, was investigating an unrelated case and came to the 364 Culbertson Estate's Drive residence to interview Defendant. Chief Allen spoke with Joseph Nathan Rankin ("Rankin"), Defendant's stepfather, who informed him that Defendant did not live there.

On 23 July 2012, Chief Allen again spoke with Rankin, who provided a written statement that Defendant (1) did not live at 364 Culbertson Estate's Drive; (2) had used that address on the forms because he "needed an address to provide"; and (3) "ha[d] only spent the night at [the] house one time since he was released from prison." Rankin later clarified that Defendant had stayed with him and Defendant's mother at the residence for two days between 23 April 2012, the date of his release from prison, and 23 July 2012, the date of Rankin's statement.

Chief Allen also spoke with James Alonzo Lewis, who signed a statement indicating that Defendant had lived with him at 106 Crowder Street in Cleveland, North Carolina "for about three months" after his release from prison but subsequently left the residence after a dispute over bills. In addition, Chief Allen talked with Latisha Vaughan, who provided a written statement attesting to the fact that Defendant "started staying at [her] apartment near the end of May 2012" and moved out in August of 2012.

On 29 October 2012, Defendant was indicted on two counts of failure to register as a sex offender pursuant to N.C. Gen. Stat. § 14-208.11 with regard to the signed forms he submitted on 23 April 2012 and on 4 June 2012. A jury trial was held on 11 June 2013 in Rowan County Superior Court. The jury convicted Defendant on both counts, and the trial court entered judgments upon the jury verdicts. Defendant was sentenced to two consecutive sentences of 23-37 months imprisonment. Defendant gave notice of appeal in open court.

**Analysis**

**I. Denial of Motion to Dismiss Based on State's Failure to Prove That Submission of 4 June 2012 Verification Form Was Required by Statute**

The trial court's denial of a motion to dismiss is reviewed *de novo* on appeal. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citations and quotations omitted), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

Defendant initially contends that the trial court erred in denying his motion to dismiss because the State failed to prove that the 4 June 2012 verification form he submitted was "required" by statute. We disagree.

Defendant was charged with violating N.C. Gen. Stat. § 14-208.11, which is a part of North Carolina's Sex Offender Registration Act ("the Act"), codified at N.C. Gen. Stat. § 14-208.5 *et seq*. N.C. Gen. Stat. § 14-208.9A provides that, beginning on the date of his initial registration and every six months thereafter, a person required to register under the Act must submit a verification form to the sheriff of his county of residence within three business days of receiving it. The form

must be signed and must indicate, among other things, "[w]hether the person still resides at the address last reported to the sheriff. If the person has a different address, then the person shall indicate that fact and the new address." N.C. Gen. Stat. § 14-208.9A (2013). The statute Defendant was charged with violating, N.C. Gen. Stat. § 14-208.11, further states, in pertinent part, that:

> A person required by this Article to register who willfully does any of the following is guilty of a Class F felony:
>
> . . . .
>
> (4) Forges or submits under false pretenses the information or verification notices required under this Article.

N.C. Gen. Stat. § 14-208.11(a)(4) (2013).

Defendant does not argue that the address he listed on the 23 April 2012 and 4 June 2012 forms was correct. Rather, he contends that the 4 June 2012 form was not required to be submitted under N.C. Gen. Stat. § 14-208.9A because, under that statute, verification forms must only be submitted every six months subsequent to the date of the initial registration form.

Defendant's argument, while novel, lacks merit. The clear and unambiguous purpose of the Act is

> to assist law enforcement agencies' efforts to protect communities by requiring persons

who are convicted of sex offenses or of certain other offenses committed against minors to register with law enforcement agencies, to require the exchange of relevant information about those offenders among law enforcement agencies, and to authorize the access to necessary and relevant information about those offenders to others as provided in this Article.

N.C. Gen. Stat. § 14-208.5 (2013).

As a part of this statutory scheme, N.C. Gen. Stat. § 14-208.9A is intended to ensure that law enforcement officers possess complete and accurate information as to the addresses of convicted sex offenders living in North Carolina. This intent is reinforced by N.C. Gen. Stat. § 14-208.9A(b), which provides, in relevant part, as follows:

Additional Verification May Be Required.-- During the period that an offender is required to be registered under this Article, the sheriff is authorized to attempt to verify that the offender continues to reside at the address last registered by the offender.

N.C. Gen. Stat. § 14-208.9A(b).

The only rational reading of N.C. Gen. Stat. § 14-208.11 is that it criminalizes the provision of false or misleading information on forms submitted pursuant to the Act – regardless of when these forms are submitted. The schedule of deadlines set out in N.C. Gen. Stat. § 14-208.9A is simply designed to

provide a reliable timetable for the filing of verification forms. The inclusion of this schedule in N.C. Gen. Stat. § 14-208.9A does not excuse the provision of false information on verification forms submitted on other dates. Indeed, Defendant's argument, if accepted, would permit the submission of false or misleading information to law enforcement agencies on forms submitted at time intervals different than those explicitly set out in the statute. We decline to adopt a construction of the statute that would both thwart the express intent of the General Assembly and fly in the face of common sense. *See State v. Jones*, 359 N.C. 832, 837, 616 S.E.2d 496, 499 (2005) (holding that "[i]n construing statutes courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results" (citation omitted)). Accordingly, we hold that the trial court did not err in denying Defendant's motion to dismiss based on the State's failure to prove that Defendant was required by statute to submit the 4 June 2012 verification form on that date.

**II. Jury Instructions**

In his second argument, Defendant contends that the trial court committed plain error by failing to instruct the jury that the 4 June 2012 verification form was not required to be submitted on that date based on the timetable set out in N.C. Gen. Stat. § 14-208.9A. Because Defendant did not request a jury instruction on this issue, we review this argument only for plain error. *See State v. McClary*, 198 N.C. App. 169, 175, 679 S.E.2d 414, 419 (2009) ("Plain error review is only available in criminal cases and is limited to errors in jury instructions or rulings on the admissibility of evidence.").

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Lawrence*, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (citations and quotations omitted).

This argument is foreclosed by our ruling on Defendant's first issue on appeal. By arguing that the trial court erred in declining to instruct the jury that N.C. Gen. Stat. § 14-208.9A did not require Defendant to submit a verification form on 4 June 2012, Defendant is essentially re-arguing his earlier contention that accurate information is required *only* on verification forms submitted in strict accordance with the timetable set out in N.C. Gen. Stat. § 14-208.9A. In light of the fact that we have rejected that argument, it logically follows that the trial court did not commit plain error by declining to instruct the jury as to this fact.

Because the statutory prohibition against sex offenders providing a false address to law enforcement officers applies to verification forms submitted *at any time*, there was no reason for the trial court to instruct the jury in the manner asserted by Defendant. Accordingly, we hold that the trial court did not commit plain error in its jury instructions.

## III. Denial of Motion to Dismiss Based on Continuing Offense Theory

In his final argument, Defendant contends that the trial court erred in denying his motion to dismiss because he was charged twice for the same offense. This argument is also meritless.

Defendant characterizes the two offenses for which he was convicted as one continuing offense such that he could not lawfully be convicted twice on these facts. However, Defendant's argument ignores the fact that – on two separate occasions – he submitted verification forms that contained false information regarding his address. The submission of each of these forms constituted a distinct violation of N.C. Gen. Stat. § 14-208.11(a)(4). Consequently, we conclude that the trial court did not err in denying Defendant's motion to dismiss based on this theory.

## Conclusion

For the reasons stated above, we hold that Defendant received a fair trial free from error.

NO ERROR.

Judges CALABRIA and STROUD concur.