IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1134

 Filed: 2 July 2019

New Hanover County, No. 17 CRS 51701

STATE OF NORTH CAROLINA

 v.

EDWARD HAMILTON SOUTHERLAND

 Appeal by defendant from judgment entered 21 February 2018 by Judge

Richard Kent Harrell in New Hanover County Superior Court. Heard in the Court

of Appeals 10 April 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Sherri Horner
 Lawrence, for the State.

 Sarah Holladay for defendant-appellant.

 BRYANT, Judge.

 Where the evidence, when taken in the light most favorable to the State, was

sufficient to show defendant attempted to engage in indecent liberties with a minor

child, the trial court did not err in denying defendant’s motion to dismiss.

 On 21 February 2018, defendant Edward Hamilton Southerland, an elderly

man, was tried by a jury and convicted in New Hanover County Superior Court before

the Honorable R. Kent Harrell, Judge presiding, on the charge of taking indecent

liberties with a child, eleven-year-old A.G.
 STATE V. SOUTHERLAND

 Opinion of the Court

 The State presented evidence that A.G. and her grandmother went to

University Arms Apartments to visit a relative. Defendant, who lived in the

apartment across from A.G.’s relative, frequently interacted with A.G. and her

grandmother, when they came to visit the relative.

 On 27 February 2017, defendant gave A.G.’s grandmother a sealed envelope

and directed her to deliver it to A.G. A.G.’s name was written on the front of the

envelope. In the letter, defendant stated to A.G.:

 Dear [A.G.],

 Have you ever been offered something and not followed up
 on “it,” only to wonder what would have happened “if” I
 had? That’s how I have felt about the three balloons you
 gave me for my birthday, last year.

 When you moved, every day I think of you and those
 balloons. I miss you so much, yet the only thing I have are
 my memories of you. That makes me feel like the lonely old
 man that I am. I don’t want to feel that way and the only
 thing that makes me feel young and alive is to wonder what
 “it” would be like to have sex with you. I’m within sight of
 being seventy years old and in good health. The only thing
 I need is a very pretty girl who knows me and likes me.
 Therefore, the only girl I could possibly like is you.

 Defendant wrote at the bottom of the letter to A.G., “[p]lease do me the honor

of having sex with me and help me to feel young again. Love, Mr. Ed[.]”

 The next day, A.G.’s grandmother read the letter and immediately called the

police. Detective Justin Ovaska of the Wilmington Police Department read the letter

 -2-
 STATE V. SOUTHERLAND

 Opinion of the Court

and went to defendant’s apartment where defendant admitted that he wrote the

letter to A.G.

 At the close of the State’s evidence, defendant moved to dismiss arguing that

the State did not present substantial evidence that he was actually or constructively

in the presence of A.G. Defendant’s motion was denied. Defendant took the stand

and testified that he “was so tired and lonely from trying to get help [for his post-

traumatic stress disorder] that [he] just sat down and wrote [A.G.] a letter.” After

defendant rested his case, he renewed his motion to dismiss which the trial court

denied.

 Defendant was found guilty of taking indecent liberties with a child. The trial

court sentenced defendant in accordance with the jury verdict, and defendant was

ordered to register as a sex offender for thirty years. On 22 February 2018, defendant

filed his notice of appeal.

 _________________________________________________________

 On appeal, defendant argues the trial court erred by denying his motion to

dismiss the charge of indecent liberties because the State did not present substantial

evidence to support that he was “with” A.G. or that he took steps beyond mere

preparation to complete the act. After careful consideration, we disagree.

 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). “Under a de novo

 -3-
 STATE V. SOUTHERLAND

 Opinion of the Court

review, the court considers the matter anew and freely substitutes its own judgment

for that of the lower tribunal.” State v. Williams, 362 N.C. 628, 632–33, 669 S.E.2d

290, 294 (2008) (quotation marks omitted).

 When a defendant moves for dismissal, the trial court must
 determine whether there is substantial evidence of each
 essential element of the offense charged (or a lesser offense
 included therein), and of the defendant being the one who
 committed the crime. If that evidence is present, the
 motion to dismiss is properly denied. Substantial evidence
 is such relevant evidence as a reasonable mind might
 accept as adequate to support a conclusion.

 In ruling on a motion to dismiss, the evidence must be
 considered by the court in the light most favorable to the
 State, and the State is entitled to every reasonable
 inference to be drawn from the evidence. Contradictions
 and discrepancies must be resolved in favor of the State,
 and the defendant’s evidence, unless favorable to the State,
 is not to be taken into consideration. All evidence actually
 admitted, both competent and incompetent, which is
 favorable to the State must be considered

State v. Bullard, 312 N.C. 129, 160, 322 S.E.2d 370, 387–88 (1984) (internal citations

and quotation marks omitted).

 Circumstantial evidence may withstand a motion to
 dismiss and support a conviction even when the evidence
 does not rule out every hypothesis of innocence. If the
 evidence presented is circumstantial, the court must
 consider whether a reasonable inference of defendant’s
 guilt may be drawn from the circumstances. Once the court
 decides that a reasonable inference of defendant’s guilt
 may be drawn from the circumstances, then it is for the
 jury to decide whether the facts, taken singly or in
 combination, satisfy [it] beyond a reasonable doubt that the
 defendant is actually guilty.

 -4-
 STATE V. SOUTHERLAND

 Opinion of the Court

State v. Fritsch, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (2000) (internal citations and

quotation marks omitted).

 In the instant case, defendant was indicted for taking indecent liberties with a

child in violation of section 14-202.1(a)(1) of our General Statutes. To be convicted of

taking indecent liberties with a child: 1) the defendant must be at least sixteen years

old, 2) the child must be under the age of sixteen, and 3) the defendant is at least five

years older than the child in question. N.C. Gen. Stat. § 14-202.1(a) (2017).

Additionally, a defendant is guilty of taking indecent liberties with a child under

subsection (a)(1) if he “[w]illfully takes or attempts to take any immoral, improper, or

indecent liberties with any child of either sex under the age of 16 years for the purpose

of arousing or gratifying sexual desire[.]” Id. § 14-202.1(a)(1).

 As defendant was convicted for indecent acts by delivery of a letter, our

analysis, in this case, is controlled by State v. McClary, 198 N.C. App. 169, 173, 679

S.E.2d 414, 417 (2009). In McClary, the defendant delivered a sexually explicit letter

to a fifteen-year-old requesting to have sex, and this Court considered whether the

delivery of the letter with sexual language constituted a willful taking, or the attempt

to take, indecent liberties with a child to withstand a motion to dismiss. This Court

explained that:

 [i]ndecent liberties are defined as such liberties as the
 common sense of society would regard as indecent and
 improper. Neither a completed sex act nor an offensive
 touching of the victim are required to violate the

 -5-
 STATE V. SOUTHERLAND

 Opinion of the Court

 statute. This Court has specifically rejected the argument
 that the utterance of ‘mere words,’ no matter how
 reprehensible, does not constitute the taking of an indecent
 liberty with a child.

 The State is required to show that the action by the
 defendant was for the purpose of arousing or gratifying
 sexual desire. [A] variety of acts may be considered
 indecent and may be performed to provide sexual
 gratification to the actor. Moreover, the variety of acts
 included under the statute demonstrate that the scope of
 the statute’s protection is to encompass more types of
 deviant behavior and provide children with broader
 protection than that available under statutes proscribing
 other sexual acts.

Id. at 173–74, 679 S.E.2d at 417–18 (emphasis added) (internal citations and

quotation marks omitted). This Court held that the State presented substantial

evidence and stated, the “[d]efendant’s actions of overtly soliciting sexual acts from

[the victim] through the sexually explicit language contained in the letter [fell] within

the broad category of behavior that the common sense of society would regard as

indecent and improper.” Id. at 174, 679 S.E.2d at 418.

 Similarly, the delivery of a letter in McClary ––the act found to be in violation

of the statute––is indistinguishable as a matter of law from the act in the instant

case. Here, the State’s evidence established that defendant, who was sixty-nine years

old, wrote a letter to A.G., an eleven-year-old, requesting sex to make him “feel young

again” and attempted to deliver the letter to A.G. through her grandmother. A.G.’s

grandmother testified that the sealed envelope from defendant was addressed to A.G.

and that defendant specifically asked her to give the letter to A.G. Based on the

 -6-
 STATE V. SOUTHERLAND

 Opinion of the Court

evidence, we conclude that an attempt to carry out defendant’s ultimate desired act–

–having sex with A.G.––was made upon delivery of the letter.

 We mirror the sentiments of the McClary Court in finding that “the completion

of defendant’s ultimate desired act, [i.e.,] having sexual intercourse and oral sex [with

the victim], was not required in order to allow the jury to reasonably infer that

defendant’s acts of writing and delivering the letter [to the victim] were for the

purpose of arousing or gratifying sexual desire.” Id. at 174, 679 S.E.2d at 418; see

also N.C.G.S. § 14-202.1 (attempts to take as well as a completed act of taking

indecent liberties with children are punishable the same by law). We recognize that

had A.G.’s grandmother not opened the letter and called the police, defendant’s letter

would have been successfully delivered to his intended recipient, A.G., and thus as in

McClary, the evidence was sufficient to allow the jury to reasonably infer that

defendant acted beyond mere words by delivering the letter expressing his intent to

gratify his sexual desire.

 Defendant argues that since he “gave his letter to an adult,” the act did not

constitute a violation under N.C.G.S. § 14-202.1. because A.G. did not receive the

letter and he never “saw, heard, touched, or communicated with A.G.” However, we

reject his argument: as our Supreme Court has previously stated, “the statute does

not contain any language requiring . . . the State prove that a touching occurred.

Rather, the State need only prove the taking of any of the described liberties for the

 -7-
 STATE V. SOUTHERLAND

 Opinion of the Court

purpose of arousing or gratifying sexual desire.” State v. Hartness, 326 N.C. 561, 567,

391 S.E.2d 177, 180–81 (1990) (emphasis added).

 As our Court noted in McClary:

 The requirement that defendant’s actions were for the
 purpose of arousing or gratifying sexual desire may be
 inferred from the evidence of the defendant’s actions. In
 State v. McClees, this Court held that the defendant’s act
 of secretly videotaping an undressed child was for the
 purpose of arousing or gratifying sexual desire even though
 no evidence was presented showing that the defendant ever
 actually viewed the video. Thus, the completion of the
 defendant’s ultimate desired act, watching the video tape,
 was not required in order to allow the jury to reasonably
 infer that the defendant’s acts of secretly setting up the
 video camera and arranging for the child to undress
 directly in front of the camera were for the purpose of
 arousing or gratifying sexual desire.

McClary, 198 N.C. App. at 174, 679 S.E.2d at 418 (internal citations and quotation

marks omitted) (citing State v. McClees, 108 N.C. App. 648, 654–55, 424 S.E.2d 687,

690–91 (1993)). Therefore, we hold that defendant’s actions in sending a letter with

a specific request for delivery to A.G.––clearly expressing a desire to have sex with

an underage child––was an attempt to take indecent liberties with a child under the

statute.

 Accordingly, based on the evidence presented at trial, when viewed in the light

most favorable to the State, the trial court properly denied defendant’s motion to

dismiss as the State presented substantial evidence to support each element of taking

or attempting to take indecent liberties with a child.

 -8-
 STATE V. SOUTHERLAND

 Opinion of the Court

NO ERROR.

Judges STROUD and COLLINS concur.

 -9-